No. 22492.

THELMA COXEN, EXECUTRIX OF THE ESTATE OF CALVIN COXEN, DECEASED *v.* WESTERN EMPIRE LIFE INSURANCE COMPANY, A COLORADO CORPORATION, AND JEFFERSON COUNTY BANK OF LAKEWOOD, COLORADO, A COLORADO BANKING CORPORATION.

(452 P.2d 16)

Decided March 24, 1969.     Rehearing denied April 14, 1969.

GEORGE J. ROBINSON, WILLIAM H. ROBINSON, III, for plaintiff in error.

MORRIS RUTLAND, for defendant in error Western Empire Life Insurance Company.

*In Department.*

Opinion by MR. JUSTICE GROVES.

THIS was an action brought by Thelma Coxen, executrix of the estate of Calvin Coxen, deceased, (herein

called the executrix) against Western Empire Life Insurance Company (herein called the company) to recover the proceeds of a credit life insurance policy in the amount of $4275 issued on the life of the decedent in connection with a loan made by the defendant in error bank. It was stipulated between the parties that the executrix might pay the loan in full and be subordinated to the bank's rights under the policy; and accordingly, she paid the loan.

It was also stipulated that the decedent died as a result of heart disease which had commenced prior to the issuance of the policy; that no statement as to a condition or disease originating prior to the issuance of the policy was asked of or given by the insured or any other person prior to issuance of the policy; that the court as a matter of law was to determine the sole issue presented solely from the provisions of the policy; and that, if the executrix is entitled to recover, the amount recoverable is $4232.25 plus interest thereon from July 16, 1965, together with costs. The issue was whether the pre-existing disease was a defense to the action under the following provision of the policy:

"In consideration of the above premium, paid in advance, the company hereby insures the above named insured subject to the provisions and limitations herein contained * * * against loss of life and/or against disability caused by disease originating or injury sustained during the term of this policy."

The question presented is whether "disease originating or injury sustained during the term of this policy" relates to "loss of life" as well as to "disability." The trial court answered this in the affirmative and denied relief.

█ *Webster's New International Dictionary* 99 (2nd ed. 1958) defines "and/or" as either "and" or "or." If it is to be construed as meaning "and" in this situation, then, as the executrix believes, the phrase "during the term of this policy" relates only to "disability." If "and/or" is to be given the meaning of "or," the phrase

"during the term of this policy" modifies "loss of life" as well as "disability," and the company prevails.

We approach this matter with the following basic propositions: (1) the clause is patently ambiguous; (2) under the stipulation one cannot look beyond the policy to ascertain intent; and (3) in case of an ambiguity, the matter is to be construed most strongly against the insurer. *Equitable Life Assurance Society v. Hemenover,* 100 Colo. 231, 67 P.2d 80, 110 A.L.R. 1270.

The trial court reached its determination principally by reason of another provision of the policy which reads as follows:

"No claim for loss incurred or disability, as defined in the policy, commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or a specific description effective on the date of loss had existed prior to the effective date of coverage of this policy."

"Loss" as used here refers to death. At first blush, it would seem that this incontestability clause necessarily implied that the company could contest loss of life by reason of pre-existing condition if the death occurred within two years after issuance of the policy; and that, if the position of the executrix is sound, there would be no need to mention "loss" in the incontestability clause.

If we were to decide this matter on the basis of the brief and oral argument of counsel for the executrix, we would affirm. However, our own research leads us to C.R.S. 1963, 72-3-4(1) and (3) which reads:

"(1) It shall be unlawful for any foreign or domestic life insurance company to issue or deliver in this state any life insurance policy unless the same shall contain the following provisions: * * *

"(3) A provision that the policy shall constitute the entire contract between the parties and shall be incontestable after it shall have been in force during the lifetime of the insured for two years from its date, except

for nonpayment of premiums and except for violation of the conditions of the policy relating to naval and military service in time of war, or other prohibited risks, and at the option of the company, provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically against death by accident may also be excepted."

It is apparent that the above quoted incontestability clause was placed in the policy by reason of the requirement of the statute. This being so, we think it improper to draw from the clause an implication of contestability by reason of death during the first two years caused by disease originating prior to issuance of the policy. In other words, a provision necessitated by statute should not be used to determine the intent of the parties as to the meaning of an ambiguous clause in another portion of the document.

There must be an examination of the policy as a whole in order to ascertain any other provisions that might resolve the ambiguity. *Rumsey v. New York Life,* 59 Colo. 71, 147 P. 337. We find nothing in the remainder of the policy to cast an indication of intent. Thus, we have the case of an ambiguity with the scales of interpretation evenly balanced under the wording of the policy, and we apply the rule that in such a case it is to be construed against the party who prepared it and is responsible for the language employed therein. *Travelers Insurance Company v. Jefferies-Eaves, Inc.* of Colo., 166 Colo. 220, 442 P.2d 822.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the executrix and against the company for the sum of $4332.25 plus interest thereon from July 16, 1965, together with costs.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.