### HARTFORD FIRE INSURANCE COMPANY v. STEVEN WAGNER AND OTHERS.

207 N. W. 2d 354.

May 11, 1973—No. 43605.

*Reed C. Richards,* for appellants.

*Jardine, Logan & O'Brien* and *Gerald M. Linnihan,* for respondent insurance company.

Heard before Knutson, C. J., and Otis, Kelly, and Schultz, JJ.

PER CURIAM.

This is a declaratory judgment suit to determine whether plaintiff, Hartford Fire Insurance Company, must afford coverage to defendant Steven Wagner under a policy of insurance which excludes coverage for bodily damage intentionally caused. It is undisputed that Steven

intentionally shot Daniel Joseph Johnson, causing his death. The issue is whether the exclusion applies where bodily damage was intended but death was not. The trial court held that the facts brought the case within the exclusion and we affirm.

At the time of Daniel Johnson's death on March 4, 1970, Steven Wagner was 15 years of age. For a number of years he had been a close friend of Johnson, who was somewhat older. The boys had become involved in a number of burglaries. As a result, Johnson was asked by the police department to submit to a lie detector test. Wagner testified that in order to divert suspicion from Johnson, the latter proposed to Wagner that they stage a shooting which would be attributable to the actual burglars and thereby exonerate Johnson. To that end, by prearrangement, Wagner aimed a stolen .22-caliber rifle at Johnson's stomach, intending only to wound him. However, the shot struck Johnson in the heart and killed him. An action for death by wrongful act was subsequently brought by decedent's trustee against Steven and his mother, Doris R. Wagner.

1. The household policy which insures the Wagners contains the following exclusion:

"Section II of this Policy Does Not Apply:
* * * * *
"(c) under Coverages E and F, to bodily injury or property damage caused intentionally by or at the direction of the Insured."

It is argued by appellants that this language is vague, misleading, and ambiguous, and that the doctrine governing adhesion contracts should apply.[1] We do not agree. This is not a case where the act was intended but the injury was not. If we accept Wagner's testimony, the injury to Johnson was intended but its severity was not. Under such circumstances, we find no compelling reason either as a matter of public policy or as a matter of law to hold the exclusion inapplicable. Pendergraft v. Commercial Standard Fire & Marine Co. 342 F. 2d 427 (10 Cir. 1965).

2. Appellants complain that conversations had between Wagner and Johnson were inadmissible under Minn. St. 595.04.[2] That statute does

[1] Weum v. Mutual Benefit Health & Accident Assn. 237 Minn. 89, 54 N. W. 2d 20 (1952); Patterson v. Adan, 119 Minn. 308, 138 N. W. 281 (1912); Gray v. Zurich Ins. Co. 65 Cal. 2d 263, 54 Cal. Rptr. 104, 419 P. 2d 168 (1966); Gowing v. Great Plains Mutual Ins. Co. 207 Kan. 78, 483 P. 2d 1072 (1971).

[2] Applicable portions of Minn. St. 595.04 provide as follows: "It shall not be competent for any party to an action, or any person interested

not apply where disclosure of the statements of the deceased is adverse to the interest of the witness testifying. Ehmke v. Hill, 236 Minn. 60, 51 N. W. 2d 811 (1952). In the instant case, Wagner's testimony regarding his conversations with the decedent put in jeopardy both his civil and criminal interests. Not only did the conversations he repeated lead to a disclaimer of coverage by his household liability carrier, but confirmed his previous admission that he was guilty of aggravated assault with a dangerous weapon, which was the grounds for an adjudication of delinquency. Quite obviously, it would have been to his advantage to assert in both this action and in the juvenile court proceedings that the shooting was accidental.

We have considered the other issues raised by appellants and find they do not require discussion.

Affirmed.

in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person relative to any matter at issue between the parties * * *."