CINCINNATI INS. CO., APPELLEE, *v.* MOSLEY ET AL.;
MAYNARD, APPELLANT.*

(No. 307—Decided June 28, 1974.)

*Mr. Smith H. Tyler, Jr.* and *Mr. Gary D. Bullock*, for appellee.

*Mr. Edward J. Utz*, for appellant.

STEPHENSON, P. J. This is an appeal instituted by Billy H. Maynard from a judgment in favor of the Cincinnati Insurance Company, appellee herein and hereafter referred to as the Company, declaring noncoverage with respect to a certain insurance policy issued by the Company, in which Debora Lynn Massey Mosley, hereinafter referred to as Debora, was an insured.

The following error is assigned:

"The trial court committed error prejudicial to the defendant in finding as a matter of law that Debora Lynn Massey Mosley was guilty of willful and wanton miscon-

---

*Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio November 15, 1974.

duct thereby negating the policy of insurance benefits and protection provided by said insurance company, since willful and wanton misconduct is covered under ordinary insurance policies.''

The record reflects that this action was originally instituted by the Company in the Common Pleas Court of Brown County against Debora and Harvey Massey. The averments of the complaint were, in substance, that the Company had issued an automobile liability policy of insurance to Harvey Massey, a copy of which was attached to the complaint. It was averred further that a suit had been instituted by Billy H. Maynard against Harvey Massey and Debora in which it was claimed that Debora had driven off U. S. Route 52, striking and injuring him. It was then averred, upon information and belief, that Debora acted ''intentionally and willfully in turning the automobile she was operating off the highway and into Billy H. Maynard.'' This was followed by an averment that the conduct of Debora was not covered by the policy and a prayer that a declaration be made stating the Company was (1) not required to defend the Maynard action, (2) not obligated to pay any judgment that might be recovered against Debora and (3) that Debora was not entitled to other benefits and protections provided in the policy with respect to Billy H. Maynard.

Evidence was presented in a bench trial at the conclusion of which the court took the case under advisement. At this point, Billy H. Maynard sought and was granted leave to intervene. An answer was filed by Maynard, in substance, denying, as did the answer of the original defendants, the averments that Debora acted intentionally and willfully in driving off the highway into Maynard and asserted that Debora's acts were covered under the policy.

By agreement of all counsel, the case was again submitted on the transcript of the evidence of the original trial and an additional deposition. The court entered findings of fact and conclusions of law.

The transcript of proceedings discloses, and is supported by the findings of the trial court, that Debora was

pregnant by Stephen Cox, whom she later married. While driving on April 13, 1969, with two girl friends through Ripley, Ohio, toward Aberdeen, Ohio, she observed a Cindy Germann talking to Cox. She continued on east out of Ripley, but was angry and excited. She turned around and proceeded westerly back into Ripley. She observed, to her right, Cindy Germann and Elaine Clump walking off the highway in front of the Greenwood Restaurant. One witness in the car testified that Debora stated, "She felt like hitting them." Debora then turned off the traveled portion of the highway onto the parking lot in front of the Greenwood Restaurant toward Miss Clump and Miss Germann.

The two girls were able to evade the car, but it struck Billy H. Maynard, although the presence and striking of Maynard were unknown to Debora and the other occupants of the automobile. The factual findings of the court concludes with the statement:

"The court finds that she willfully and wantonly attempted to strike Miss Clump and Miss Germann with the car by driving it directly off the highway * * *."

In its conclusions of law the court found Debora was "guilty of wanton misconduct," and "[t]he wanton and willful misconduct of Debora Lynn Massey Mosley was the direct and proximate cause of the defendant, Billy H. Maynard's injuries * * *." It granted a judgment for the Company.

We begin with the observation that, although the findings of the court below are framed in the context of willful and wanton misconduct, those terms and their legal import in Ohio law do not, by our view, alone control, since such terminology is not incorporated in the exclusion provision of the policy here considered. It appears to be conceded that Debora was an "insured" under the policy. The pivotal issue is whether, under the facts, the exclusion provided in the policy that bodily injury or property damage caused intentionally by or at the direction of the insured applies.

In so determining, it must be borne in mind that it is

a universal rule that a contract of insurance prepared by the insurer must be construed liberally in favor of the insured and strictly against the insurer if the language is doubtful, uncertain or ambiguous. The rule applies with particular force to exclusion provisions in the policy. *American Financial Corp.* v. *Fireman's Fund Ins. Co.*, 15 Ohio St. 2d 171.

The exclusion provision in the policy in question is not novel and has been the subject of litigation. The cases are collected in an annotation in 2 A. L. R. 3rd 1238. Most of the litigation appears to involve the question of coverage when the insured acts intentionally toward a party, but with the resulting injury of such party being unintended. The rule most often adopted in such cases, under policy provisions like or similar to that in the instant case, is that if there was no specific intent to injure, the exclusion provision is inapplicable. See *Putnam* v. *Zeluff*, 372 Mich. 553, 127 N. W. 2d 374; *Baldinger* v. *Consolidated Mut. Ins. Co.*, 15 A. D. 2d 526, 222 N. Y. Supp. 2d 736, *Lumbermans Mut. Ins. Co.* v. *Blackburn* (Okla. 1970), 477 P. 2d 62.

The factual pattern in the instant case differs from the above-cited cases in that the person injured was not the one against whom the act was intentionally taken. Although appellant argues to the contrary, we agree, on the basis of the record, with appellee's assertion that Debora acted intentionally in driving her automobile off the highway for the purpose of striking, or at least attempting to scare, Misses Germann and Clump. The parties would apparently agree that there was no intent to scare or strike Billy Maynard, it being probable that Debora did not even know of his presence.

No Ohio court appears to have passed upon the issue here presented. The nearest case in point outside Ohio involving an identical exclusion provision is *Smith* v. *Moran*, 61 Ill. App. 2d 157, 209 N. E. 2d 18. In *Smith*, a waitress was hit by a bullet intended, not for her, but for another person working in the same restaurant. The court held against the insurance company. In doing so, the court

drew a distinction between an intentional act and an intentionally caused injury and held that the injury was not intentionally caused even though it was the result of an intentional act toward a third party.

The wording of the exclusionary clause reads: "Bodily injury * * * caused intentionally by * * * the insured." The distinction between an intentional act and an intentional injury is compelling and logical. To deny coverage here, we would be required to judicially amend the provision to read: "Bodily injury caused by *intentional acts* of the insured."

Appellee urges that we construe the provision in such a way that it apply to injuries which have their origin in intentional acts. It is argued that the doctrine of transferred intent is applicable here. This doctrine, like the principle that a person intends the ordinary consequences of his voluntary act, applies in determining the consequences of one's voluntary act, with regard to his liability for such, but it has no application to interpreting the terms of an insurance policy. *Vanguard Ins. Co.* v. *Cantrell*, 18 Ariz. App. 486, 503 P. 2d 962; *City of Burns* v. *Northwestern Mut. Ins. Co.*, 248 Or. 364, 434 P. 2d 465.

Construing the exclusionary clause strictly, since it does not clearly express an intention to exclude liability for unintentional injuries resulting from deliberate and intentional acts, we hold the court below erred in holding Debora Lynn Massey Mosley not to be covered by the policy.

The assignment of error is sustained to the extent it asserts error in denying coverage, and the judgment is reversed and final judgment entered against the appellee company and in favor of appellant.

*Judgment reversed.*

ABELE and GRAY, JJ., concur.