AUTO-OWNERS INSURANCE COMPANY v GARDIPEY

Docket No. 106686. Submitted October 5, 1988, at Marquette. Decided December 19, 1988. Leave to appeal applied for.

Auto-Owners Insurance Company, the homeowner's insurer for Brian Keith Gardipey, brought an action in the Dickinson Circuit Court seeking a declaration that it was under no duty to defend Gardipey in an action brought by James and Deborah DePotsie on behalf of their ten-year-old son. The DePotsies sought damages for the alleged physical and psychological trauma Gardipey inflicted on their son when Gardipey engaged in sexual contact with the child, for which contact Gardipey was convicted on his plea of guilty of assault with intent to commit criminal sexual conduct involving sexual penetration. The trial court, Robert E. Goebel, Jr., J., granted summary disposition in favor of plaintiff, ruling that plaintiff was under no duty to defend Gardipey based on the exclusion in plaintiff's policy for bodily injury or property damage expected or intended by the insured. The DePotsies appealed.

The Court of Appeals *held:*

1. If an insurance policy excludes intentional injury, both an intentional act and an intentional injury must be shown before the insurer may avoid coverage.

2. An intent to injure or harm may be inferred as a matter of law where an adult intentionally engages in sexual penetration with a minor child. Here, Gardipey, in tendering his guilty plea, admitted that he forcibly grabbed the boy and put his penis in the boy's mouth.

Affirmed.

1. INSURANCE — EXCLUSIONS — INTENTIONAL ACTS AND INJURIES.

An insurance policy provision which excludes liability coverage for bodily injury or property damage which is either expected or intended from the standpoint of the insured is effective only

REFERENCES
Am Jur 2d, Assault and Battery § 117.
Am Jur 2d, Insurance §§ 708, 709.
Liability insurance as covering accident, damage, or injury due to wanton or wilful misconduct or gross negligence. 20 ALR3d 320.

where there is both an intentional act and an intentionally caused injury.

2. Insurance — Intent to Injure — Inferences.

An intent to injure or harm may be inferred as a matter of law where an adult intentionally engages in sexual penetration with a minor child; the defense or payment of damages on behalf of an insured against whom an action has been brought because of such an act is not covered by an insurance policy which excludes injuries intentionally caused by the insured.

*Morrison & Coggins, S.C.* (by *Kim A. Coggins*), for plaintiff.

*Petrucelli & Petrucelli, P.C.* (by *Joseph C. Sartorelli*), for defendants DePotsie.

Before: Gribbs, P.J., and Cynar and J. T. Kallman,* JJ.

Cynar, J. This case involves a declaratory action brought by plaintiff Auto-Owners Insurance Company to determine if plaintiff had a duty to defend its insured, Brian Keith Gardipey, in an underlying civil action. Defendants James and Deborah DePotsie, as next friend of their ten-year-old son, appeal as of right from the trial court's February 8, 1988, order granting plaintiff summary disposition. We affirm.

Plaintiff issued a homeowner's insurance policy to Brian Gardipey's parents, Eugene and Nancy Gardipey. Brian Gardipey, who is presently twenty-two years old, has lived with his parents in Iron Mountain, Michigan, at all times pertinent to this case. At age fifteen, Brian Gardipey was diagnosed as having a blood disorder called Fanconi DNA Syndrome. The Fanconi DNA Syndrome has progressively affected Brian's mental capacity and has caused significant changes in his character. As

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a result of the disease, Brian is mentally slow and has spent his school years in special education programs.

On or about September 24, 1984, Brian Gardipey, who was then eighteen years old, allegedly had illicit sexual contact with the DePotsie boy. After Brian was charged with first-degree criminal sexual conduct, Dr. William G. Mogy, of the Forensic Center for the State of Michigan, opined that Brian was competent to stand trial and that he could understand right from wrong. Dr. Mogy also opined that Brian was borderline mentally retarded. On October 9, 1985, Brian Gardipey pled guilty to assault with intent to commit criminal sexual conduct involving sexual penetration. In support of his guilty plea, Brian testified that he forcibly grabbed the ten-year-old boy and put his penis in the boy's mouth.

On June 23, 1986, James and Deborah DePotsie, as next friend of their son, brought a civil complaint against Brian Gardipey that alleged that Gardipey touched their child in a sexual manner and caused him physical and psychological trauma. On November 5, 1986, plaintiff Auto-Owners Insurance Company brought this action and requested a declaratory judgment that it had no duty to defend or provide coverage to Brian Gardipey under his parents' homeowner's policy.

On January 11, 1988, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10). On February 8, 1988, the trial court granted plaintiff's motion for summary disposition and ordered that plaintiff had no duty to defend or provide coverage to Brian Gardipey in the civil action brought by the DePotsies.

On appeal, defendants first argue that the trial court erred in misapplying an ambiguous exclu-

sion in the homeowner's insurance policy. We disagree.

The relevant exclusionary provision of the insurance policy provides:

> This policy does not apply:
>
> *    *    *
>
> to bodily injury or property damage which is either expected or intended from the standpoint of the Insured.

Homeowner's insurance coverage has been excluded because of the intentional actions of an insured in numerous cases. *Century Mutual Ins Co v Paddock,* 168 Mich App 747; 425 NW2d 214 (1988); *Aetna Casualty & Surety Co v Sprague,* 163 Mich App 650; 415 NW2d 230 (1987); *Transamerica Ins Co v Anderson,* 159 Mich App 441; 407 NW2d 27 (1987); *Frankenmuth Mutual Ins Co v Beyer,* 153 Mich App 118, 122; 395 NW2d 36 (1986); *Linebaugh v Berdish,* 144 Mich App 750; 376 NW2d 400 (1985). If an insurance policy excludes intentional injury, both an intentional act and an intentional injury must be shown before the insurer may avoid coverage. *State Farm Fire & Casualty Co v Groshek,* 161 Mich App 703, 707; 411 NW2d 480 (1987).

In *Linebaugh, supra,* pp 762-763, this Court held that engaging in sexual penetration with a child is an intentional act and that the intent to injure or harm can be inferred as a matter of law from the alleged sexual penetration of the child.

MCL 750.520a(l); MSA 28.788(1)(l) defines sexual penetration as

> sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into

the genital or anal openings of another person's body, but emission of semen is not required.

In the present case, we find that the exclusion in the instant insurance policy is not ambiguous. The express language of the policy excludes coverage for bodily injury that is intended by the insured. Furthermore, in this case, Brian Gardipey pled guilty to assault with intent to commit criminal sexual conduct involving sexual penetration and testified that he forcibly grabbed the ten-year-old boy and put his penis in the boy's mouth. Therefore, the trial court properly applied the exclusion provision since Brian Gardipey's intent to injure was established as a matter of law.

Defendants next argue that the trial court erred in granting summary disposition because the question whether Brian Gardipey intended the psychological harm caused by his sexual conduct is for the jury to decide. We disagree. The intent to injure or harm can be inferred as matter of law from the alleged sexual penetration of the child. *Linebaugh, supra,* p 762. Accordingly, Gardipey's guilty plea and testimony that he placed his penis in the boy's mouth establishes an intent to injure as a matter of law. Thus, the trial court did not err in granting plaintiff summary disposition.

Lastly, defendants argue that summary disposition must be reversed in this case because further discovery will reveal additional evidence regarding Brian Gardipey's lack of intent to cause the injury and damages suffered by defendants. We disagree. Further discovery is not necessary in this case since Brian Gardipey's guilty plea and testimony established that Gardipey intended to harm or injure the ten-year-old child as a matter of law. *Linebaugh, supra,* p 762.

Affirmed.