**RYDER TRUCK RENTAL, INC., a Florida corporation, Plaintiff–Appellee,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Defendant–Appellant.**

No. 85CA0386.

Colorado Court of Appeals, Div. IV.

Feb. 2, 1989.

Hall & Evans, Barbara A. Duff, Richard A. Hanneman, Denver, for plaintiff-appellee.

Watson, Nathan & Bremer, J. Andrew Nathan, Denver, for defendant-appellant.

KELLY, Chief Judge.

In this declaratory judgment action brought by Ryder Truck Rental, Inc., the defendant, Guaranty National Insurance

Company, appeals the trial court's adverse judgment. The trial court concluded that all conditions precedent to coverage had been met and interpreted the policy to require Guaranty to indemnify or defend Ryder in a lawsuit filed in Louisiana by Alfred Daniel Williams. We affirm.

Ryder owned vehicles which it leased to Merchant's Dutch Express pursuant to a truck lease and service agreement which specified that vehicle maintenance was to be performed by Ryder. The lease also stated that Merchant's would provide direct primary liability coverages for Ryder with respect to the ownership, maintenance, use, or operation of the leased vehicles. Pursuant to this provision, Merchant's purchased a trucker's liability policy from Guaranty, the provisions of which are here in dispute. The policy contained an endorsement naming Ryder as an additional insured.

During the policy period, Alfred Daniel Williams, an employee of Merchant's, was in a one-vehicle accident in Texas in which he sustained personal injuries. Nearly a year later, Ryder was served with a summons and complaint in an action in which Williams sought recovery for his personal injuries based on allegations of Ryder's negligent maintenance of the truck. Within a week thereafter, Ryder notified Guaranty of this lawsuit. Guaranty, however, had not been previously notified by Ryder or by Merchant's of the occurrence of the accident.

Guaranty declined to afford Ryder either indemnity or a defense, claiming that all conditions precedent to coverage had not been met, and that an endorsement to the policy under which Ryder was named as an additional insured limited the coverage for Ryder to imputed liability only. On these two issues, the trial court ruled that the policy did not require Ryder to give notice of the occurrence of the accident and that the endorsement to the policy does not limit the policy terms so as to restrict Ryder's coverage to imputed liability. We agree with these rulings.

## I.

■ Guaranty contends that it is relieved of its responsibilities to Ryder under the policy and the policy endorsement because Ryder failed to notify the company of the occurrence of the accident. We disagree.

Under this policy, two types of notice are required to be given to the company: notice of the occurrence of the accident or loss, and notice of the commencement of litigation in connection with the accident or loss. Under the plain language of the policy, only the named insured, Merchant's, is required to notify the company of the accident or loss. An "other involved insured" is required immediately to forward, to Guaranty, notices or legal papers received in connection with the accident or loss.

Part VII.A of the policy issued by Guaranty states in relevant part:

"1. *You* must promptly notify *us* or *our* agent of any *accident* or *loss*. *You* must tell *us* how, when and where the *accident* or *loss* happened. *You* must assist in obtaining the names and addresses of any injured persons and witnesses.

2. Additionally, *you* and other involved *insureds* must:

. . . .

b. Immediately send *us* copies of any notices or legal papers received in connection with the *accident* or *loss*." (emphasis in original indicating terms defined elsewhere in the policy)

It is undisputed that the word "you" in the policy refers to Merchant's Dutch Express, the named insured. Accordingly, Ryder, being an "other involved insured," fulfilled its obligation when it notified Guaranty of the lawsuit immediately after service upon it.

■ Guaranty argues, nevertheless, that the failure of Merchant's to notify it of the accident precludes coverage for Ryder. We disagree.

Part I.F of the policy provides that "the insurance afforded applies separately to each insured who is seeking coverage or

against whom a claim is made or suit is brought." This severability-of-interest clause protects Ryder against Merchant's failure to give notice of the occurrence of the accident or loss.

The question of waiver was not argued to the trial court nor did the trial court rule on the question whether Ryder's delay in giving notice was reasonable under the doctrine of *Barnes v. Waco Scaffolding & Equipment Co.*, 41 Colo.App. 423, 589 P.2d 505 (1978). Accordingly, we do not address these issues argued by the parties in their briefs.

## II.

Guaranty also contends that the trial court erred in holding that its form endorsement extends rather than limits the coverage of the policy. Again, we disagree.

When an insurer seeks to restrict coverage, the limitation must be clearly expressed. *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App.1984). If this requirement is not met, and the policy provisions are inconsistent or ambiguous, then the contract must be construed in favor of coverage and against limitations which would benefit the company which created the ambiguity. *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974).

Part IV.A of Guaranty's primary policy provides in part:

"*We* will pay all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance, or use of a covered *auto*." (emphasis in original)

Moreover, the following paragraph in the policy requires Guaranty to defend any suit seeking such damages. Thus, if Ryder is an insured, and unless the endorsement limits this coverage, Guaranty is obligated to defend suits against Ryder based on an accident caused or resulting from its maintenance of the covered auto.

Who qualifies as an "insured" is specified in Part IV.D "WHO IS INSURED" and includes:

"4. The owner or anyone else from whom *you* hire or borrow a covered *auto* which is not a *trailer* is an *insured* while the covered *auto:*

a. Is being used exclusively in *your* business, and

b. Is being used over a route or territory *you* are authorized to serve by public authority or on its way to that route at *your* request." (emphasis in original)

That the vehicle involved in this accident is covered by the policy is undisputed. Hence, this portion of the policy provides liability coverage to Ryder as the owner of a hired or borrowed auto, unless the endorsement limits this coverage.

In the endorsement, "leased auto" is defined as "an *auto* leased to *you* under a leasing agreement of one year or more, including any substitute or replacement, for which the leasing agreement requires you to provide direct primary insurance for the lessor." (emphasis in original) While subsequent provisions of the endorsement limit Guaranty's liability, nowhere in the endorsement is any explanation made of the effect of coverage of a "leased auto" upon a "hired or borrowed auto." As shown above, "the owner or anyone else from whom [Merchant's] hire[s] or borrow[s] a covered auto ... is an *insured...*." (emphasis in original)

Since Ryder is the owner, as well as the lessor, of the covered auto, and since the endorsement did not expressly exclude the coverage for the owner, we conclude that the endorsement is cumulative to the coverage provided by the policy. Because Guaranty expressly engaged to pay all sums the insured legally must pay as damages "caused by an accident and resulting from the ownership, *maintenance* or use of a covered auto," (emphasis added) the trial court correctly ruled that Guaranty had an

obligation to defend Ryder in Williams' lawsuit.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.