**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Daniel C. JOHNSON, Defendant,**

**and**

**Charlotte Maria Brown,**
**Defendant–Intervenor–Appellant.**

**No. 88CA1859.**

Colorado Court of Appeals,
Div. V.

March 22, 1990.

Rehearing Denied April 19, 1990.

Certiorari Granted Aug. 13, 1990.

Dickinson, Everstine, Kelly & Prud'Homme, Michelle Prud'Homme, Denver, for plaintiff-appellee.

Robert A. Millman, P.C., Robert A. Millman, Colorado Springs, for defendant-intervenor-appellant.

No appearance for defendant Johnson.

Opinion by Judge DAVIDSON.

In this declaratory judgment action, Charlotte Maria Brown, defendant-intervenor, appeals from the entry of judgment in favor of plaintiff, American Family Mutual Insurance Company. We reverse.

Defendant, Daniel C. Johnson, accompanied his wife to a bar where they had an argument. Later Johnson approached defendant-intervenor Brown from behind, and, mistaking her for his wife, he kicked her, causing injury.

Brown brought a personal injury action against the bar and Johnson. Because Johnson had filed for bankruptcy protection, she entered into a limited agreement to dismiss certain claims against him and to limit any judgment enforcement action to the proceeds of Johnson's homeowner's policy with American Family Mutual Insurance Company. Upon trial of her action, she was awarded $120,000, apportioned 25 percent against the bar and 75 percent against Johnson.

American Family Mutual Insurance Company then brought this action to determine its obligation under the policy, which excluded coverage for "bodily injury ... which is expected or intended by any insured." The trial court ruled that the exclusion applied to Johnson's conduct and that his intent was not negated by intoxication.

■ The dispositive issue is whether the exclusion for "bodily injury ... expected or intended" applies to an intentional assault committed because of mistaken identity. We conclude that the exclusion does not apply and, therefore, reverse the trial court.

■ Where the issue has focused on the nature or degree of injury inflicted, courts have interpreted the phrase "bodily injury ... expected or intended by the insured" to mean either (1) a volitional act with intent to cause an injury without regard to the specific injury suffered, or (2) a volitional act causing a specific injury. *See* Annot., 31 A.L.R. 4th 957 (1984). Colorado has

adopted the former position, analyzing whether the insured intended any injury, however slight. *See Butler v. Behaeghe*, 37 Colo.App. 282, 548 P.2d 934 (1976). However, Colorado courts have not considered application of the exclusion when the intentional act is premised on mistaken identification.

We note first that most courts distinguish between situations in which some bodily injury was intended, but not as severe as that which resulted, *Butler v. Behaeghe, supra,* and those situations in which bodily injury was intended but not to the person ultimately harmed. Thus, the majority of jurisdictions that have considered situations that did not concern mistaken identity but involved unintended victims have held that the exclusion was inapplicable. *See Farmers Insurance Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980) (insured threw barstool at assistant manager and struck bystander); *Grange Mutual Casualty Co. v. Thomas*, 301 So.2d 158 (Fla.App.1974) (exclusion applies only if wrongful act is "intentionally directed specifically toward the person injured by such act"); *Smith v. Moran*, 61 Ill.App.2d 157, 209 N.E.2d 18 (1965) (where insured fired several shots at one person and struck victim unintentionally, the exclusion was held inapplicable because injury was an unintentional result of an intended act); *see also All–Star Insurance Corp. v. Steel Bar, Inc.*, 324 F.Supp. 160 (N.D.Ind.1971) (applying Indiana law); *Lumbermens Mutual Insurance Co. v. Blackburn*, 477 P.2d 62 (Okla.1970).

Further, our review of pertinent cases reveals that there also is a distinction between intentional acts induced by mistaken identity where the exclusion has been held not to apply, *see Brooks v. Continental Casualty Co.*, 13 La.App. 502, 128 So. 183 (1930) (insured victim shot by an officer intending to shoot suspected robber); *Utter v. Travelers Insurance Co.*, 65 Mich. 545, 32 N.W. 812 (1887) (insured victim shot by an officer thinking victim was someone else), and intentional acts which resulted in expected bodily harm albeit to innocent bystanders, where the exclusion was held applicable. *See Curtain v. Aldrich*, 589

S.W.2d 61 (Mo.App.1979) (where insured assaulted brother-in-law in the mistaken belief that his brother-in-law was a burglar, exclusion was inapplicable because the act was a product of mistaken identity. Court distinguished, as an example, case in which insured deliberately rams car into another occupied car).

The reasoning here is that the former circumstances involve acts in which the specific results are not the expected or probable consequences of the intended act whereas the latter type of cases involved acts in which the results are both probable and expected. *Compare Mah See v. North American Accident Insurance Co.,* 190 Cal. 421, 213 P. 42 (1923) and *Newsome v. Travelers Insurance Co.,* 143 Ga. 785, 85 S.E. 1035 (1915) *with Subscribers at Auto Club Inter–Insurance Exchange v. Kennison,* 549 S.W.2d 587 (Mo.App.1977) and *Kraus v. Allstate Insurance Co.,* 379 F.2d 443 (3rd Cir.1967).

Here, the act of kicking Brown was not the probable and expected consequence of Johnson's intended act—to kick and injure his wife. Johnson acted with the intent to accomplish a certain result, but accomplished instead a result that was improbable and unexpected. Thus, Johnson did not commit "bodily injury expected or intended," and the exclusion does not apply.

Finally, we note also that this interpretation comports with the policy of construing insurance policies in favor of the insured when there is uncertainty as to coverage. *See Republic Insurance Co. v. Jernigan,* 753 P.2d 229 (Colo.1988).

Because of our resolution of this issue, we do not reach Brown's other contention of error.

The judgment is reversed and the cause is remanded for entry of judgment in favor of Brown and directing American Family Mutual Insurance Company to provide coverage for the judgment entered in the tort action.

CRISWELL and NEY, JJ., concur.