AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Petitioner,

v.

Daniel C. JOHNSON and Charlotte
Maria Brown, Respondents.

No. 90SC286.

Supreme Court of Colorado,
En Banc.

Sept. 16, 1991.

Dickinson, Everstine, Kelly & Prud'Homme, Michelle R. Prud'Homme, Denver, for petitioner-appellant.

Robert A. Millman, P.C., Robert A. Millman, Colorado Springs, for respondents-appellees.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *American Family Mutual Insurance Co. v. Johnson*, 796 P.2d 43 (Colo.App. 1990), the Colorado Court of Appeals held that a clause of a homeowner's liability insurance contract excluding injuries "intended or expected" from the general coverage provisions of the contract does not relieve an insurer from liability for damages resulting from an insured's infliction of injuries on a person mistaken for someone else. Having granted the request of petitioner American Family Mutual Insurance Company (American Family) for certiorari review of the Court of Appeals judgment, we reverse and remand with directions.

I

The basic factual circumstances underlying this dispute are not controverted. During the evening of August 21, 1984, Daniel Johnson, the insured (Johnson); his estranged wife, Christine Johnson; and Charlotte Maria Brown (Brown) were present at

a bar. When Johnson saw a woman he assumed to be his wife leave the bar accompanied by one or more men, he followed them to the parking lot, approached her from behind, and kicked her. When the woman turned around, he discovered she was in fact Brown and apologized for his mistake. Brown subsequently filed a civil action against Johnson seeking damages for injuries resulting from the attack on claims of assault and battery and negligence. Brown also filed a civil action against the bar, and the two cases were consolidated for trial.

Prior to trial, Johnson filed a petition in bankruptcy in the United States Bankruptcy Court for the District of Colorado. Brown and Johnson then entered into a limited covenant wherein she agreed to dismiss her assault and battery claim and to seek satisfaction of any judgment she might obtain on her negligence claim from the proceeds of Johnson's American Family insurance policy.

At trial, the trial court entered a directed verdict in favor of Brown and against Johnson on the negligence claim. Issues of codefendant liability and damages were submitted to the jury, which returned a verdict finding Johnson seventy-five percent negligent, finding the bar twenty-five percent negligent, and awarding damages in the amount of $120,000. Neither defendant appealed the verdict.

While Brown's personal injury action against Johnson was pending, American Family filed a declaratory judgment action seeking determination of its obligations under the contract of insurance. The contract provided general personal liability coverage of $100,000 per occurrence for bodily injury or property damage. The contract also contained an exclusion for bodily injury or property damage "expected or intended by any insured." In the declaratory judgment action, the trial court entered partial summary judgment in favor of American Family. The trial court applied the doctrine of transferred intent, *Restatement (Second) of Torts* § 20 (1965), to conclude that because Johnson expected and intended injury to his wife the injury to Brown was also expected and intended and therefore excluded from coverage.

On appeal, the Court of Appeals reversed. Concluding that the act of kicking Brown was not the probable and expected consequence of Johnson's intended act, the Court of Appeals determined that the exclusionary clause of the insurance contract was not applicable because Johnson acted with the intent to accomplish a certain result but instead accomplished a result that was improbable and unexpected.

## II

American Family argues that the language of the exclusionary clause applies to Johnson's conduct in this case and prohibits coverage for the results of that conduct. Johnson contends that the language is inherently ambiguous and therefore should be construed in his favor to permit coverage. We agree that under the circumstances here the exclusionary clause is applicable.

An insurance contract is to be construed pursuant to established principles of contract law. *Chacon v. American Family Mut. Ins. Co.*, 788 P.2d 748 (Colo. 1990). Unambiguous provisions of an insurance contract must be construed to give effect to their plain meaning. *Northern Ins. Co. of New York v. Ekstrom*, 784 P.2d 320 (Colo.1989); *Kane v. Royal Ins. Co.*, 768 P.2d 678 (Colo.1989). Ambiguous provisions of an insurance contract are to be construed against the drafter thereof and in favor of providing coverage to the insured. *Chacon*, 788 P.2d at 750; *Republic Ins. Co. v. Jernigan*, 753 P.2d 229 (Colo. 1988). Exclusionary clauses designed to insulate particular conduct from general liability coverage provisions must be drafted in clear and specific language. *Ryder Truck Rental, Inc. v. Guaranty Nat'l Ins. Co.*, 770 P.2d 1380 (Colo.App.1989). To benefit from an exclusionary provision in a particular contract of insurance the insurer must establish that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretations. *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d

1083, 1090 (Colo.1991). *See Republic Ins. Co. v. Jernigan,* 753 P.2d 229 (Colo.1988); *Coxen v. Western Empire Life Ins. Co.,* 168 Colo. 444, 452 P.2d 16 (1969); *Ferndale Dev. Co., Inc. v. Great American Ins. Co.,* 34 Colo.App. 258, 527 P.2d 939 (1974).

■ The insurance contract in this case provides personal liability coverage as follows:

☐ **LIABILITY COVERAGES—SECTION II**

**COVERAGE D—PERSONAL LIABILITY COVERAGE**

**We** will pay, up to our limit of liability, all sums for which any **insured** is legally liable because of bodily injury or **property damage** covered by this policy.

The parties do not dispute that Brown's injuries fall within this basic coverage provision. The exclusionary clause upon which American Family relies states as follows:

☐ **EXCLUSIONS—SECTION II**

**1. Coverage D—Personal Liability and Coverage E—Medical Expense** do not apply to **bodily injury** or **property damage:**

**a.** which is expected or intended by any **insured** . . . .

American Family contends that the provision is unambiguous and that coverage is excluded because Johnson intended bodily injury and his lack of intent to injure Brown is irrelevant. Johnson concedes that the exclusionary language is not ambiguous in most circumstances, but argues that in the factual context of this case it is ambiguous because he had no intent to injure Brown and because general coverage should be deemed available for unforeseen and unexpected consequences of intentional acts.

Courts construing intentional injury exclusions of insurance contracts have, not surprisingly, reached different results. Many courts have concluded that such exclusions are inherently ambiguous. *See, e.g., Farmers Ins. Group v. Sessions,* 100 Idaho 914, 607 P.2d 422 (1980); *Grinnell Mut. Reinsurance Co. v. Frierdich,* 79 Ill. App.3d 1146, 35 Ill.Dec. 418, 399 N.E.2d

252 (1979); *Home Ins. Co. v. Neilsen,* 165 Ind.App. 445, 332 N.E.2d 240 (1975); *Gowing v. Great Plains Mut. Ins. Co.,* 207 Kan. 78, 483 P.2d 1072 (1971); *Patrons–Oxford Mut. Ins. Co. v. Dodge,* 426 A.2d 888 (Me.1981); *Caspersen v. Webber,* 298 Minn. 93, 213 N.W.2d 327 (1973). Other courts have found no ambiguity. *Allstate Ins. Co. v. Roelfs,* 698 F.Supp. 815 (D. Alaska 1987); *Steinmetz v. National Am. Ins. Co.,* 121 Ariz. 268, 589 P.2d 911 (1978); *Colonial Penn Ins. Co. v. Hart,* 162 Ga. App. 333, 291 S.E.2d 410 (1982); *Thornton v. Illinois Founders Ins. Co.,* 84 Ill.2d 365, 49 Ill.Dec. 724, 418 N.E.2d 744 (1981); *Auto–Owners Ins. Co. v. Gardipey,* 173 Mich.App. 711, 434 N.W.2d 220 (1988); *Hartford Fire Ins. Co. v. Wagner,* 296 Minn. 510, 207 N.W.2d 354 (1973); *Commercial Union Ins. Co. v. Mauldin,* 62 N.C.App. 461, 303 S.E.2d 214 (1983); *Poston v. United States Fidelity & Guarantee Co.,* 107 Wis.2d 215, 320 N.W.2d 9 (Wis.Ct.App.1982). *See generally* Annotation, *Construction and Application of Provision of Liability Insurance Policy Expressly Excluding Injuries Intended or Expected by Insured,* 31 A.L.R.4th 957 (1984).

This court considered identical exclusionary language in *Chacon v. American Family Mut. Ins. Co.,* 788 P.2d 748 (Colo. 1990), albeit in a context that differs from the circumstances of this case. In *Chacon,* we concluded that the provision unambiguously "expresses an intention to deny coverage to all insureds when damage is intended or expected as a result of the actions of any insured." *Id.* at 752. While it is instructive that we found no ambiguity in the language of the exclusionary clause, that decision is not controlling here because it did not require an interpretation of what constitutes an intentional injury. The question in *Chacon* was whether a concededly intentional act of a co-insured precluded recovery by the insured under a severability clause of the insurance contract.

Similar exclusionary language was examined by our Court of Appeals in *Butler v. Behaeghe,* 37 Colo.App. 282, 548 P.2d 934 (1976), wherein the court rejected the argu-

ment that injuries admittedly caused by the insured were not excluded because the insured did not intend the precise injuries that resulted from his conduct. The court determined that the exclusion applies whenever some injury is intended, even though the injury that actually results differs in character or degree from the injury actually intended. *Butler,* 37 Colo.App. at 288, 548 P.2d at 938. *See also State Farm Fire & Casualty Co. v. Bomke,* 849 F.2d 1218 (9th Cir.1988) (applying Calif. law); *City of Newton v. Krasnigor,* 404 Mass. 682, 536 N.E.2d 1078 (1989); *State Farm Fire & Casualty Co. v. Muth,* 190 Neb. 248, 207 N.W.2d 364 (1973). *But see Rajspic v. Nationwide Mut. Ins. Co.,* 110 Idaho 729, 718 P.2d 1167 (1986) (focus of the exclusion is the injury, therefore, the intention must be to inflict the actual injury sustained and directed against the party injured).

Neither *Chacon* nor *Butler* directly addresses the issue here presented. It is undisputed that Johnson intended to inflict injuries upon his wife but had no intent to injure Brown. The question is whether injuries which are intended and which result from a volitional assault on a person mistaken for an intended victim are excluded by the language of the exclusionary clause.

The exclusionary clause exempts from coverage "injuries" intentionally caused by the insured. Thus our analysis must focus on whether Johnson intended to cause injuries—not whether he intended to engage in particular conduct that in fact resulted in injuries. While a particular insurance contract might contain language addressing this latter circumstance, such a contract would in all probability not serve the interests of the insured, as the following observations by one noted commentator indicate:

All liability insurance policies have an exclusion for "intentional damages"

caused by or at the direction of the insured. However, the payment of premiums for liability insurance policies becomes pointless if all damages that result from an intentional act are excluded from coverage. Most individuals can protect themselves from causing intentional harm. It is the unexpected result that is cause for concern and the reason for seeking protection through liability insurance....

Appleman, *Insurance Law and Practice* § 4492.01, at 21 (1979).

Many courts have recognized that the phrase "bodily injury, intended or expected" refers to volitional performance of an act with intent to cause some degree of injury. *See Rajspic v. Nationwide Mut. Ins. Co.,* 110 Idaho 729, 718 P.2d 1167 (1986); *Farmer's Ins. Group v. Sessions,* 100 Idaho 914, 607 P.2d 422 (1980); *Home Ins. Co. v. Neilsen,* 165 Ind.App. 445, 332 N.E.2d 240 (1975); *Barton v. Allstate Ins. Co.,* 527 So.2d 524 (La.Ct.App.1988); *Sabri v. State Farm Fire & Casualty Co.,* 488 So.2d 362 (La.Ct.App.1986). Our Court of Appeals in essence adopted this view in *Butler v. Behaeghe,* 37 Colo.App. 282, 548 P.2d 934.

In *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991), this court recently considered language quite similar to the phraseology here at issue. Although the insurance contract under examination in *Hecla* differs in several significant respects from the American Family contract under consideration here,[1] our holding in *Hecla* that "the phrase 'neither expected nor intended' should be read only to exclude those damages that the insured knew would flow directly and immediately from its intentional act," *id.* at 1088, is instructive. That analysis recognized that coverage may be excluded for damages that are intended by the insured and that result from volitional conduct of the insured.

---

**1.** In *Hecla,* the insurance contract provided coverage for damages caused by an "occurrence," defined as "an accident ... neither expected nor intended from the standpoint of the insured." *Hecla,* 811 P.2d at 1086. We interpreted that general coverage provision to authorize coverage "for damage that results from an unexpected and unintended occurrence." *Hecla,* 811 P.2d at 1087. In the present case we are construing the phrase "expected or intended" under the more restrictive principles applicable to exclusionary provisions.

Johnson relies upon the decision of *Curtain v. Aldrich*, 589 S.W.2d 61 (Mo.Ct.App. 1979), to support his argument that unintended results of intentional acts should not be excluded from coverage provisions of insurance contracts. In *Aldrich*, the insured assaulted his brother-in-law under the mistaken belief that his relative was a burglar. Under the terms of the insured's liability policy, coverage was excluded for injuries expected or intended from the standpoint of the insured. The court surveyed several cases involving mistaken identity assaults in concluding that "a distinction must be made between intentional acts which lead to injury or death and the unintended results of such acts when the act itself is the product of a mistake of identity." *Id.* at 65. American Family distinguishes *Aldrich* on the ground that in that case the insured's conduct was privileged and justifiable, while here Johnson's conduct was neither privileged nor justifiable. American Family urges recognition of a distinction between justifiable or reasonable conduct, which would not be excluded from coverage, and non-justifiable or unreasonable conduct, which would be so excluded. *See, e.g., Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984); *Smith v. Keller*, 151 Wis.2d 264, 444 N.W.2d 396 (Ct.App.1989).

The present case does not present questions concerning justifiable conduct. Nor do we find decisions relying upon principles of tort law to construe contractual provisions, as illustrated by *Aldrich, Meere,* and *Keller*, persuasive. A reasonable mistake that particular conduct is justified may well constitute a defense to allegations of intentional assault in a personal injuries case. Prosser & Keeton, *The Law of Torts* § 17, at 110 (5th ed. 1984). However, when questions arise concerning the meaning of insurance contract provisions, reference to the jurisprudence of personal injury litigation may unduly complicate the problem of construction.

Insurance contracts are designed to protect Johnson from damages for which under traditional principles of tort law the insured might be liable. To adopt the requirement of reasonable mistake as to justification, however appropriate such requirement might be for purposes of tort litigation, would in effect eviscerate the protection purportedly purchased by the insured under a liability insurance contract. *See Cincinnati Ins. Co. v. Mosley*, 41 Ohio App.2d 113, 322 N.E.2d 693 (1974); Appleman, *Insurance Law & Practice* § 4492.02, at 29 (1979). Issues germane to intentional torts litigation and to exclusionary clause insurance contract litigation "involve two fundamentally different areas of the law, each founded on separate and distinct legal theories and principles." *Rajspic*, 110 Idaho at 732, 718 P.2d at 1170.[2] We reject the invitation to adopt such unnecessary analytical complexity.

Johnson also argues, as the Court of Appeals reasoned, that because the results here were not probable and expected the exclusionary clause should be construed to permit coverage of Brown's injuries. In support of this argument, he relies upon decisions wherein injuries to bystanders resulting from assaults intended to be inflicted on others have been deemed not excluded under similar exclusionary language. *See Grange Mut. Casualty Co. v. Thomas*, 301 So.2d 158 (Fla.Dist.Ct.App.1974) (wrongful act must be intentionally directed towards the person injured); *Farmers Ins. Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980) (insured threw barstool at

---

**2.** In *Mangus v. Western Casualty & Surety Co.*, 41 Colo.App. 217, 585 P.2d 304 (1978), our Court of Appeals indicated that an intentional act exclusionary clause might not insulate the insurer from liability if the insured is insane at the time the conduct occurs. Other courts have concluded that even though an insured has successfully interposed an insanity defense in a criminal trial arising from conduct causing injuries to another, the insurer is not by reason of that fact precluded from contending in a personal injury action that the insured's conduct was intentional for purposes of an intentional injury exclusionary clause. *Transamerica Ins. Corp. v. Boughton*, 177 Mich.App. 253, 440 N.W.2d 922 (1989); *accord Rajspic v. Nationwide Mut. Ins. Co.*, 110 Idaho 729, 718 P.2d 1167 (1986). These cases illustrate the difficulties inherent in adopting non-contract jurisprudence to resolve issues of construction of insurance contract provisions.

bar employee but struck bystander); *Smith v. Moran,* 61 Ill.App.2d 157, 209 N.E.2d 18 (1965) (insured fired shots at one person but unintentionally struck bystander, exclusion inapplicable because injury was unintended result of intentional act); *Lumbermens Mut. Ins. Co. v. Blackburn,* 477 P.2d 62 (Okla.1970) (intention must be to inflict injury actually inflicted and must be directed against the party injured). *See also Kraus v. Allstate Ins. Co.,* 379 F.2d 443 (3d Cir.1967) (insured who intended to kill self and wife by dynamite was by inference aware that bystanders would be killed in the explosion of dynamite and therefore intended injury to bystanders).

We conclude that the rationale supporting coverage in bystander cases is not applicable to the instant case of mistaken identity. The phrase "neither expected nor intended" is intended to exclude from coverage damages an insured knows will flow directly from any intentional conduct by such insured. *Hecla Mining Co. v. New Hampshire Ins. Co.,* 811 P.2d at 1088. Johnson knew that the person in front of him would sustain injuries as the result of his conduct, he intended to cause such injuries, and he had control over his conduct. The fact that the actual victim of the injuries was not the person Johnson intended to harm does not alter the facts that the injuries that occurred were intended, the conduct was volitional, and the conduct was unjustified. The language of the exclusionary clause excludes such injuries from coverage.

The purpose of the exclusion of intentional injuries from coverage is to prevent extending to the insured a license to commit harmful, wanton or malicious acts. *See Home Ins. Co. v. Neilsen,* 165 Ind.App. 445, 332 N.E.2d 240 (1975); *Barton v. Allstate Ins. Co.,* 527 So.2d 524 (La.Ct.App. 1988); *Sabri v. State Farm Fire & Casualty,* 488 So.2d 362 (La.Ct.App.1986). This purpose serves a valid public policy.

As revealed by the diversity of decisions construing this exclusionary language, the question of whether such language is ambiguous or not ambiguous often depends upon the factual circumstances to which it is applied. We find that in the circumstances of this case, wherein the injuries sustained by Brown were intended by Johnson, such injuries are excluded from coverage by the terms of the exclusionary clause.

## III

For the foregoing reasons, the judgment of the Court of Appeals is reversed. The case is remanded to that court with directions to reinstate the judgment of the trial court.

ERICKSON, J., specially concurs.

Justice ERICKSON specially concurring:

We granted certiorari to determine whether the intentional act exclusion in Johnson's homeowner's liability policy bars recovery by Brown. Based on the undisputed facts I would reverse the court of appeals but my analysis would be different than that set forth in the majority opinion.

Daniel C. Johnson, who was intoxicated, saw the plaintiff, Charlotte Marie Brown, leaving the Nickelodeon Bar with one or more men. Mistaking Brown for his wife, Johnson kicked her in the buttocks, causing serious injury. Johnson admitted that he had intended to kick his wife but that he made a mistake and kicked Brown. Brown sued Johnson to recover damages for the injuries she sustained. Johnson filed for bankruptcy and Brown asserted a claim against Johnson's homeowner's insurance policy. Brown executed a covenant not to sue Johnson for assault and battery and agreed to satisfy her negligence claim from the proceeds of the homeowner's policy the American Family Mutual Insurance Company issued to Johnson.

The sole issue on appeal is whether the injury to Brown resulting from Johnson's mistake in kicking the wrong person qualifies as "bodily injury ... which is expected or intended" and, thus, forecloses recovery under the "intentional act" exclusion in the homeowner's policy. In my opinion it does. *See Chacon v. American Family Mutual Ins. Co.,* 788 P.2d 748, 752 (Colo.1990) (Erickson, J., specially concurring) (intentional act exclusion bars recovery by an insured for an intentional act committed by a co-insured).

The exclusionary provision of the homeowner's policy excludes from coverage bodily injury "which is expected or intended" by the insured. The respondents argue that because Johnson thought he was kicking his wife rather than Brown, his act was not expected or intended and was not excluded from coverage under the intentional act provision. An insurance policy protects the insured against risks outside of the insured's control. The intentional exclusion excludes from coverage risks that the insured can consciously control. *Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 355–56, 694 P.2d 181, 185–86 (1984); 7A Appleman, *Insurance Law and Practice* § 4492.01, at 21 (1979).

Johnson admitted that he intended to kick and injure the woman in front of him who he believed to be his wife. Johnson controlled the risk of injury by his actions. No justification or privilege is asserted for the attempted harm. Thus, the mistake of the victim's identity does not remove Johnson's conduct from the intentional act exclusionary provision of the homeowner's policy. *See Butler v. Behaeghe*, 37 Colo. App. 282, 287, 548 P.2d 934, 938 (1976) (exclusionary clause applies "if the insured acts with the intent or expectation that bodily injury will result even though the bodily injury that does result is different either in character or magnitude from the injury that was intended").