**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PRAETORIAN INSURANCE
COMPANY,

      Plaintiff Counter Defendant -
Appellee,

v.

AXIA CONTRACTING, LLC; 255
BLACKHAWK HOSPITALITY, LLP,

      Defendant Counterclaimants -
Appellants.

No. 19-1113
(D.C. No. 1:17-CV-02034-WJM-SKC)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Axia Contracting, LLC, ("Axia") and 255 Blackhawk Hospitality, LLP,

("Blackhawk") appeal a district court order granting summary judgment in favor of

Praetorian Insurance Company ("Praetorian").  Exercising jurisdiction under 28

U.S.C. § 1291, we reverse and remand for further proceedings.

**I**

In 2017, defendants were engaged in a hotel construction project in Aurora,

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Colorado. Blackhawk was the owner of the property, and Axia was the general contractor. On June 19, a fire occurred at the property resulting in extensive damage. The cause of the fire was determined to be arson.

At the time of the fire, a builder's risk policy issued by Praetorian was in effect. The policy included a Protective Devices Endorsement ("PDE") for which defendants received a 10% premium credit. Under the header "Other Conditions," the PDE required that the insureds "maintain, at all times during the policy period, the protective devices and services described on the Protective Devices Schedule [("PDS")]." The PDS required that the jobsite "will be protected with chain link fencing" and that "[a]ll entrance and access gates shall remain securely locked during non-working hours." Coverage for losses caused by fire were excluded if, prior to the fire, the insureds (1) "had knowledge of any suspension or impairment in the protective device or service described on the [PDS] and did not notify" the insurer, or (2) "failed to maintain in complete working order, the fire protective device or service described on the [PDS] which [the insureds] control." In addition, the policy excluded coverage for loss caused by theft if a "device or service, shown on the [PDS], provides theft protection" and the insureds failed to maintain the "theft protective device or service."

Following the fire, defendants requested coverage under the policy. Praetorian denied coverage because the project jobsite was not enclosed by chain link fencing at the time of the fire and all entrance and access gates were not securely locked. In a

2

letter from Praetorian's counsel, the insurer indicated that the fencing requirement was a condition precedent to coverage and fell within the fire-protection exclusion.

Praetorian filed a declaratory judgment action seeking a declaration that the policy does not provide coverage for the fire. Axia responded with counterclaims for declaratory judgment, breach of contract, and bad faith. Praetorian moved for summary judgment, arguing that protective fencing was a condition of coverage and that the fire-protection exclusion barred coverage. After summary judgment briefing was complete, the district court sua sponte requested additional, simultaneous briefs on the question of whether the failure to maintain fencing was a material breach. The district court then granted summary judgment in favor of Praetorian on that basis. Axia and Blackhawk timely appealed.

**II**

We review a district court's grant of summary judgment de novo. Genberg v. Porter, 882 F.3d 1249, 1253 (10th Cir. 2018). A party is entitled to summary judgment only if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. "Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption." Grynberg v. Total S.A., 538 F.3d 1336, 1346 (10th Cir. 2008).

Under Colorado law, the question of material breach is one of fact. Kaiser v. Mkt. Square Disc. Liquors, Inc., 992 P.2d 636, 640 (Colo. App. 1999). A material breach "goes to the root of the matter or essence of the contract and renders substantial performance under the contract impossible." Interbank Invs., LLC v. Vail

3

Valley Consol. Water Dist., 12 P.3d 1224, 1229 (Colo. App. 2000) (quotations and citation omitted). If a material breach occurs, it "excuses further performance by the other party." Kaiser, 992 P.2d at 640. "Materiality must be assessed in the context of the expectations of the parties at the time the contract was formed." Coors v. Sec. Life of Denver Ins. Co., 112 P.3d 59, 64 (Colo. 2005).

"Employing general principles of contract interpretation, we give effect to the intent and reasonable expectations of the parties by enforcing the plain language of the contract." Owners Ins. Co. v. Dakota Station II Condo. Ass'n, Inc., 443 P.3d 47, 51 (Colo. 2019) (quotation omitted). "Accordingly, unless the parties intend otherwise, terms in an insurance policy should be assigned their plain and ordinary meaning." Thompson v. Maryland Cas. Co., 84 P.3d 496, 501 (Colo. 2004). "[W]e read the provisions of the policy as a whole, construing the policy so that all provisions are harmonious and none is rendered meaningless." Martinez v. Am. Fam. Mut. Ins. Co., 413 P.3d 201, 203 (Colo. App. 2017). "Exclusionary clauses designed to insulate particular conduct from general liability coverage provisions must be drafted in clear and specific language." Am. Fam. Mut. Ins. Co. v. Johnson, 816 P.2d 952, 953 (Colo. 1991).

Applying these principles, we must reject the district court's conclusion that defendants' failure to maintain fencing and secured access was a material breach. The policy sets forth specific consequences for failing to maintain fire or theft protective devices listed in the PDS: coverage is excluded for loss caused by fire or theft, respectively. This clear manifestation of the parties' expectations controls.

4

See Coors, 112 P.3d at 64.  In contrast, the district court's material breach theory would have far greater consequences than those intended by the parties.  A material breach excuses the other "party from performing its duties under a contract." Converse v. Zinke, 635 P.2d 882, 887 (Colo. 1981); see also Kaiser, 992 P.2d at 640. As defendants argue, treating the failure to fence as a material breach could excuse Praetorian's obligation to cover damage from a tornado.  Such a result is clearly inconsistent with the parties' expectations as indicated by the policy's plain terms. Further, such a reading would render superfluous the specific consequences set forth in the PDE.  Cf. Martinez, 413 P.3d at 203 (policy should be construed so that no provisions are "rendered meaningless").

Praetorian also urges us to affirm on alternative bases raised below but not considered by the district court.  Under these circumstances, "proper judicial administration generally favors remand for the district court to examine the issue initially."  Pac. Frontier v. Pleasant Grove City, 414 F.3d 1221, 1238 (10th Cir. 2005).  We elect to follow that path in the case at bar.

### III

The district court's grant of summary judgment is **REVERSED** and the case is **REMANDED** for further proceedings consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5