CITY OF NEWTON vs. ERIC R. KRASNIGOR & others [1];
NORFOLK & DEDHAM MUTUAL FIRE INSURANCE
COMPANY, intervener
(and a consolidated case[2]).

Middlesex.    January 3, 1989. — April 19, 1989.

Present: WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Insurance,* Homeowner's insurance, Coverage.

On appeal of cases arising from the conduct of three youths who broke into a
public school building and started fires, this court held that the deliberate
intent of one of the youths to set fires in the building implied, as matter
of law, an intent to cause some property damage, with the result that,
even though he did not specifically intend the substantial damage that
resulted, the provision in his parents' policy of homeowners' insurance
excluding coverage for "property damage . . . expected or intended by
the insured" was applicable. [685-688]

CIVIL ACTIONS commenced in the Superior Court Department
on August 23, 1983, and March 20, 1985, respectively.

The cases were consolidated for trial and were tried before
*William H. Carey, J.*

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Joseph P. Musacchio (Robert P. Powers* with him) for Norfolk & Dedham Mutual Fire Insurance Company.

*Christopher C. Fallon, Jr.,* of Pennsylvania (*John A. Mavricos* with him) for the city of Newton.

LIACOS, J.  On the night of August 15, 1981, three youths
broke into the Meadowbrook Junior High School in Newton
and started fires which resulted in extensive damage to the

---

[1] Leslie Alberts and Michael K. Masterson.

[2] Norfolk & Dedham Mutual Fire Insurance Company *vs.* Nathan T.
Krasnigor & others; City of Newton, intervener.

school. The city of Newton brought an action of tort for damages against the three youths, Eric R. Krasnigor, Michael Masterson, and Leslie Alberts. The Norfolk & Dedham Mutual Fire Insurance Company (Norfolk & Dedham), the insurer of the parents of Eric Krasnigor, intervened in that action and also brought an action seeking a declaration that its homeowners' policy did not provide coverage. The homeowners' policy covered property damage "for which the insured is legally liable" but excluded "property damage . . . which is expected or intended by the insured."[3]

The actions were consolidated for trial. At trial, however, only the tort action for damages was tried to a jury. As to the declaratory judgment action, the judge stated that he would decide that action at the conclusion of the jury trial. The tort action was submitted to the jury on written questions for them to make written findings (special verdicts). See Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974).

The jury, in response to the written questions, found, among other things, that "Eric Krasnigor intended to start a fire or fires at the Meadowbrook Junior High School." It also found that Krasnigor's actions proximately caused damage to the school's science laboratory and to its library. The jury found further that Krasnigor did not "specifically intend[ ] to cause the substantial damage which was ultimately sustained" at the school and that he was not "substantially certain that his actions at the [school] . . . would result in the substantial damage which was ultimately sustained."

The trial judge, relying on *Quincy Mut. Fire Ins. Co.* v. *Abernathy,* 393 Mass. 81, 86 (1984), declared that the exclusion in the insurance policy did not apply to the activities of Eric Krasnigor at the Meadowbrook Junior High School.[4] Ac-

---

[3] The difference of meaning of the words "expected" and "intended" is discussed in *Quincy Mut. Fire Ins. Co.* v. *Abernathy,* 393 Mass. 81, 84-85 (1984), and need not be restated here.

[4] Masterson had been denied coverage under his parents' homeowners' insurance policy based on this exclusion. See Norfolk & Dedham Mutual Fire Ins. Co. *vs.* Masterson & another (Superior Court, Norfolk County, No. 85-0757).

cordingly, he entered judgment against the insurance company in both actions.

The Appeals court affirmed the judgments. *Newton* v. *Norfolk & Dedham Mut. Fire Ins. Co.,* 26 Mass. App. Ct. 202 (1988). The court agreed with the insurer's contention that "*Abernathy* does not require the insured to intend the precise injury which results for the exclusion to apply," and that "the exclusion is also in effect when the insured intends to cause some damage . . . but not necessarily the severity of damage that actually occurs." *Id.* at 203. However, the Appeals Court determined that the insurer did not adequately apprise the trial judge of its arguments and thus could not raise the issue on appeal.

The Appeals Court also stated the following: "We reject, however, the insurer's contention, made both to the trial judge in the declaratory judgment action and on appeal, that a deliberate intent to set a fire (as found by the jury's answer to the special question) as matter of law implies an intent to cause some property damage." *Id.* at 204 n.3.

We granted Norfolk & Dedham's petition for further appellate review. We hold that the jury's finding that Krasnigor deliberately intended to set a fire, in the circumstances of this case, implies, as matter of law, an intent to cause some property damage. We further hold that the exclusion for property damage "which is expected or intended by the insured" applies to Krasnigor's activities. Accordingly, we reverse the judgment against Norfolk & Dedham in the declaratory judgment matter and modify the tort judgment to delete the entry of judgment against Norfolk & Dedham.

We summarize the evidence before the jury, consistent with the jury's answer to the written questions. On the night of August 15, 1981, Krasnigor gathered with his friends, Michael Masterson and Leslie Alberts. He told them that he wanted to break into the Meadowbrook Junior High School and to start a fire. Krasnigor broke a window, entered the school, and opened the door for his friends. In the art room on the first floor of the school, Alberts and Masterson found an art board and set it on fire. In a hallway, Alberts started a fire in a trash

barrel filled with paper, and, in the science laboratory, Alberts, Masterson, and Krasnigor burned files.

Krasnigor and Masterson proceeded to the school's library. Krasnigor brought some boxes of books together and pulled additional books from the shelves. He placed matches in the boxes, amongst the books, and set the books on fire. Masterson did the same. By the time Krasnigor and Masterson had completed their efforts, several separate fires were burning in the library. Krasnigor made no effort to extinguish the fires before he left the school. Shortly thereafter, when the police officers who had received a report of a fire at the school approached Krasnigor outside the school, they found a partially filled box of matches in his possession. The Meadowbrook Junior High School suffered 1.3 million dollars in damage as a result of the fires. Almost all of the damage was sustained in the library.

We agree with Norfolk & Dedham's argument that the jury's finding that Krasnigor intended to start the fires at the school implies, as matter of law, that he harbored the intent to cause some property damage, even though, as the jury found, he did not intend the "*substantial* damage . . . *ultimately* sustained" (emphasis supplied). In reaching this conclusion, we state that the policy's exclusion applies when there is a showing of a deliberate setting of a fire by the insured with the intent of causing some property damage. The insured need not intend to cause the exact extent of the injury which results, in order for the exclusion to apply. Thus, the Appeals Court was correct in its distinction of *Quincy Mut. Fire Ins. Co.* v. *Abernathy, supra.* See *Newton* v. *Norfolk & Dedham Mut. Fire Ins. Co., supra* at 204-205, and cases cited; *Terrio* v. *McDonough,* 16 Mass. App. Ct. 163, 169 (1983).[5] See also, e.g., *United States Fidelity & Guar. Co.* v. *American Employer's Ins. Co.,* 159 Cal. App. 3d 277, 289-291 (1984); *Unigard Mut. Ins. Co.* v. *Spokane School Dist. No. 81,* 20 Wash. App. 261, 264-265

[5] In *Terrio, supra* at 169, the Appeals Court stated: "As to McDonough's argument that, even if he intended to push Terrio down the stairs, her plunge through a glass pane at the bottom was an unanticipated accident, it is self-evident that if a person is pushed down a flight of stairs it is to be expected that person will be hurt."

(1978); *Vermont Mut. Ins. Co.* v. *Malcolm,* 128 N.H. 521, 523-525 (1986); *State Farm Fire & Casualty Co.* v. *Muth,* 190 Neb. 248, 252 (1973).

In *Abernathy,* we stated that "the resulting injury which ensues from the volitional act of an insured is still an 'accident' within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur." *Quincy Mut. Fire Ins. Co.* v. *Abernathy, supra* at 84. The "resulting harm" concerns the type of harm inflicted — whether personal injury or property damage — and not the extent of the harm actually sustained.

*Abernathy* involved an exclusion of coverage similar to that included in the insurance policy at issue here. The inquiry which we required on remand in the *Abernathy* case [6] concerned whether the youth in that case who threw a piece of blacktop either "intended, by his volitional act, to *cause injury to the Abernathys* or whether he knew to a substantial certainty that such injuries would ensue from his actions" (emphasis added). *Id.* at 87. In *Abernathy,* there had been no showing that the insured was even aware of the presence of the child who was injured by the piece of blacktop. *Id.* at 88. In order for the insurance exclusion to apply, there had to be "a showing that the insured knew to a substantial certainty that the bodily injury would result." *Id.* at 86. The crucial question, then, was whether the youth intended, or expected, to cause any personal injury, not whether he intended to cause the precise magnitude of the injuries sustained.[7]

---

[6] We think it significant that *Abernathy* involved a determination of the insured's state of mind on a motion for summary judgment, whereas in this case the question of the insured's intent to set the fire was decided by a jury.

[7] We caution that the above discussion is not based on the tort principle that one is considered to have intended the natural and ordinary consequences of one's voluntary act. Rather, "[i]t is a much more narrow gauge that recognizes the correlation [between act and intent] only where reason mandates that from the very nature of the act, harm to the injured party must have been intended." *United States Fidelity & Guar. Co.* v. *American Employer's Ins. Co., supra* at 291 n.9, quoting *Home Ins. Co.* v. *Neilsen,* 165 Ind. App. 445, 450 (1975).

We must look at the nature of the act in this case in order to determine

In this case, in order for the exclusion to apply there must be a showing that Krasnigor intended, or expected, to cause property damage, not that he intended, or expected, to cause the exact damage which actually occurred.[8] The jury found, in response to a written question, that "Krasnigor intended to start a fire or fires at the Meadowbrook Junior High School," and that his actions were the proximate cause of damage to the library and to the science laboratory.

Considering the facts of this case, we must conclude, as matter of law, that Krasnigor intended to cause some property damage to the school. If there had been evidence that Krasnigor "started a fire" for warmth, or to guide his way through the darkness, or for any other motive, we might conclude that the intent to cause some damage could not be inferred.[9] But no evidence was presented to support such theories. Rather, Krasnigor broke into the school, placed matches in several boxes of

whether Krasnigor's activity is excluded from coverage. The particular risks associated with a fire set in an unattended building, and the foreseeability of a fire's spreading and doing damage to other objects, is relevant to our inquiry.

[8] The two special questions to the jury dealing with damages did not present them with this standard. Rather, they presented the question whether Krasnigor "specifically intended to cause the substantial damage *which was ultimately sustained*" (emphasis supplied), and whether Krasnigor "was substantially certain that his actions at the [school] . . . would result in the substantial damage which was ultimately sustained." The Appeals Court held that, because Norfolk & Dedham did not sufficiently apprise the trial judge of its objections, it could not raise the question on appeal. Because we hold that the jury's finding that Krasnigor intended to start the fire at the school implies an intent to cause some property damage as matter of law, it is unnecessary to discuss whether Norfolk & Dedham properly objected. The judge, under Mass. R. Civ. P. 49(a), applied an improper legal standard as to the extent of damage intended, or expected, in entering a verdict on the jury's answers. See *Henderson* v. *D'Annolfo*, 15 Mass. App. Ct. 413, 423-424 (1983); 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2503, at 488 (1971 & Supp. 1988). Also, he denied the defendant's motion for judgment notwithstanding the verdict. Thus, the issue of the validity of the judgments is before us.

[9] We thus agree with Newton that intentional acts of the insured may result in unintended and unexpected injury or damage. See *Quincy Mut. Fire Ins. Co.* v. *Abernathy, supra* at 84. The fact that the act itself is intended will not lead to an exclusion if no damage is expected or intended, or if damage of another type is expected or intended.

books, lit those boxes of books, and left the school while several small fires were blazing. Given such facts, it is impossible not to conclude that Krasnigor intended, or expected, to cause some property damage. See *Terrio* v. *McDonough, supra* at 169. See also, e.g., *Home Ins. Co.* v. *Neilsen,* 165 Ind. App. 445, 450-451 (1975); *Iowa Kemper Ins. Co.* v. *Stone,* 269 N.W.2d 885, 887 (Minn. 1978).

Accordingly, the provision excluding "property damage . . . which is expected or intended by the insured" applies to Krasnigor's actions. The judgments against the insurance company in both actions are reversed.

*So ordered.*