Chin, J.
Metropolitan Property and Casualty Insurance Company (MPC) seeks a declaratory judgment that under an insurance policy MPC issued to defendant Julius R. Kreimendahl, MPC has no duty to indemnify Kreimendahl for damages resulting from the death of William James Souza because the death falls within an exclusionary clause of the policy. Defendant David Souza, as Administrator of the Estate of William James Souza, also seeks declaratory relief to determine MPC’s liability under the policy. The parties now bring cross motions for summary judgment. For the following reasons, plaintiff MPC’s motion is allowed.
BACKGROUND
Sometime in 1979, William James Souza (Souza) moved into the house of Julius Kreimendahl’s mother, Gertrude Kreimendahl. Souza had suffered a head injury while serving in Vietnam and as a result, experienced periodic seizures and took a medication, Dilantin. Julius Kreimendahl was aware of Souza’s medical condition.
On July25,1989, Souza and Julius Kreimendahl had an argument in Gertrude Kreimendahl’s house. During the argument, Julius Kreimendahl struck Souza in the head with an open hand two or three times. Later that evening, Souza suffered a seizure and died.
Julius Kreimendahl was charged with manslaughter and pled guilty to involuntary manslaughter.
At the time of the incident, Julius Kreimendahl was insured by MPC under a standard homeowner’s policy. The policy provides coverage for damages resulting from “an occurrence,” which is defined under the policy as “an accident.” The policy excludes coverage for damages which result from the insured’s “intent to cause bodily injury or property damage of any kind.”
On March 29, 1990, David Souza, as Administrator of the Estate of William James Souza, filed a complaint against Julius and Gertrude Kreimendahl. The counts against Julius Kreimendahl allege assault and negligence.
MPC, Julius Kreimendahl, and David Souza now seek to determine MPC’s duty under the policy to indemnify Kreimendahl for damages which may result from Souza’s suit against the Kreimendahls.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and (further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
MPC argues that the policy, which exdudes coverage for bodily injury intentionally caused by the insured, does not cover damages resulting from the death of William James Souza because the damages were caused by the intentional act of the insured, Julius Kreimendahl. Julius Kreimendahl argues that the exclusionary clause does not apply because, although he intended to strike William James Souza, he did not intend to kill him or cause him serious bodily injury.
“(T]he resulting injury which ensues from the volitional act of an insured is still an ‘accident’ within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur.” Quincy Mutual Fire Ins. Co. v. Abernathy, 393 Mass. 81, 84 (1984). “The ‘resulting harm’ concerns the type of harm inflicted — whether personal injury or property damage — and not the extent of the harm actually sustained.” Newton v. Krasnigor, 404 Mass. 682, 686 (1989). “The insured need not intend to cause the exact extent of the injury which results, in order for the exclusion to apply.” Id. at 685.
The court finds that Julius Kreimendahl’s intent to hit William James Souza implies as a matter of law that he intended to cause Souza personal injury. See id. (where jury found defendant intended to set fire inside library but did not intend extent of damage, court implied intent to cause property damage to school); Terrio v. McDonough, 16 Mass.App.Ct. 163, 169 (1983) (where defendant argued that he intended to push plaintiff down stairs but did not intend for her to fall through a glass pane at the bottom, court found it to be self-evident that if a person is pushed down a flight of stairs she will be hurt).
*238 Here, even if Julius Kreimendahl had not known of Souza’s sensitive medical condition, Kreimendahl cannot reasonably claim that he was not “substantially certain" that hitting Souza in the face numerous times would cause him to suffer personal injury. Kreimendahl’s knowledge of Souza’s medical condition should have made him even more certain that personal injury would result. Therefore, Kreimendahl’s actions, and resulting damages, fall within the exclusionary clause of the policy, and MPC’s motion for summary judgment is allowed.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Metropolitan Property and Casualty Insurance Company’s motion for summary judgment is ALLOWED.