Hely, J.
The case involves a question of liability coverage in a homeowners insurance policy. All parties have moved for summary judgment. The court will apply the summary judgment standards set forth in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). The insurer prevails not because of the accident requirement but because of a comprehensive exclusion for injury resulting from intentional acts.
*506 I. OCCURRENCE AND ACCIDENT
The insurer first argues that Officer Andrade’s injury was not caused by an “occurrence” or “accident.” Under current case law, this argument fails.
Coverage L requires the insurer to pay sums for which Mr. Gamache, the insured, is liable because of bodily injury “caused by an occurrence” to which the coverage applies. The policy definitions state that “occurrence means an accident.”
The “resulting injury which ensues from the volitional act of an insured is still an ‘accident’ within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur.” Quincy Mut Fire Ins. Co. v. Abernathy, 393 Mass. 81, 84 (1984) (injuries may be an “accident” when insured threw a large piece of blacktop at a car, shattered a window and injured two occupants); Hanover Ins. Co. v. Talhouni 413 Mass. 781, 784 (1992). The Supreme Judicial Court has also permitted an insured to rely on intoxication in claiming that injuries were an “accident,” even where the insured burst into a woman’s apartment and beat and sexually assaulted her. Talhouni supra 413 Mass, at 785-87; compare Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393, 400 (1990). (“Rape and sexual assault, too, because of their direct and forcible nature, are acts of the same inherently injurious kind”.)
Considering the Abernathy and Talhouni cases, the insurer cannot obtain summary judgment based on its argument that Officer Andrade’s injury was not caused by an accident or occurrence.
II. EXCLUSION FOR INJURY RESULTING FROM AN INTENTIONAL ACT
The insurer also relies on the following exclusion in the policy: “This policy does not apply to bodily injury or property damage which results directly or indirectly from ... an intentional act of an insured ...” This is a significantly different exclusion than the exclusions considered in Abernathy and Talhouni
The Abernathy decision interpreted an exclusion for injury which is “either expected or intended from the standpoint of the Insured.” 393 Mass, at 83. The Talhouni opinion interpreted an almost identical exclusion for injury which is “expected or intended by the insured.” 413 Mass, at 783. Considering the language of those exclusions, the court in both cases focused not on whether the insured engaged in intentional conduct but on whether the insured intended to cause injury. See also Newton v. Krasnigor, 404 Mass. 682 (1989).
In the present case, the court must assume for summary judgment purposes that the injury to Officer Andrade was an “accident” and that Mr. Gamache did not intend to cause him injury. The critical issue under the present exclusion is not whether the injury was intended, but whether the injury “result(ed) directly or indirectly from ... an intentional act of an insured.” Under this exclusion, it makes no difference whether Mr. Gamache intended to cause injury.
The undisputed facts about the conduct that caused the injury can be taken from Officer Andrade’s own affidavit. The affidavit states that Mr. Gamache “continued to try to escape us” after he was subdued to a face down position. As Officer Andrade tried to handcuff him, Mr. Gamache “tried to get up by grabbing in my waist area.” The affidavit reports: “When he tried to pull himself up by my belt or waistband, I lost my balance. As I fell, I twisted . . . [my] left knee (which I had injured in the past), and I was injured.” Officer Andrade states that Mr. Gamache was extremely intoxicated.
Officer Andrade “interpreted all of Gamache’s conduct as resistive or defensive in the sense that he did not approach or attack Officer Sirois or myself...” His “assaultive acts (exclusive of spitting in the cruiser) appeared to be efforts to fend us off or to get away from us as we approached him and tried to take him into custody.”
The injury in this case resulted “directly or indirectly from . . . intentional act[s]” of Mr. Gamache in resisting arrest and in grabbing Officer Andrade, regardless of whether he intended to cause injury. Despite the intoxication, no fair-minded jury could conclude that this resistance and grabbing was not intentional conduct. See Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
While finding coverage in a negligent security case, the Supreme Judicial Court has recently recognized that some assault and battery exclusions have been deemed broad enough to exclude coverage for negligent security without regard to whether the insured intended injury. These more comprehensive clauses “typically use language stating that any claim arising out of, or based on, an assault and battery is excluded from coverage whether committed by or at the direction of the insured or third parties.” Liquor Liability Joint Underwriting Association of Massachusetts v. Hermitage Ins. Co., 419 Mass. 316, 320 (1995). The exclusion in the present case is similarly broad in that it excludes coverage for injury which “results directly or indirectly” from an intentional act of the insured. Unlike the exclusions in Abernathy and Talhouni the language of this exclusion is sufficiently comprehensive and explicit to exclude the injury to Officer Andrade that resulted from Mr. Gamache’s intentional acts, even if there was intoxication and no intent to injure.
With respect to the issue of duty to defend, Officer Andrade’s underlying complaint alleged that he was injured while attempting to arrest Mr. Gamache as a result of Mr. Gamache’s negligent, reckless and wanton conduct in “fighting, being a disorderly person, physically and verbally abusing the police and resisting arrest.”
It is plain on the face of the complaint that the injury resulted from the fighting, physical abuse of Officer Andrade and resisting arrest. The complaint is not *507 reasonably susceptible to any other interpretation. Fighting, physical abuse of a police officer and resisting arrest are intentional acts as a matter of law, whether or not there is intoxication or an intent to cause injury. The injury resulting from the intentional acts alleged in the complaint was excluded by the broad language of the exclusion discussed above. There was no duty to defend.
On a final procedural point, the interview transcript attached to Mr. Gamache’s memorandum is not a personal knowledge affidavit, and it has not been considered.
ORDER
The plaintiffs motion for summary judgment is ALLOWED.
The defendants’ motions for summary judgment are DENIED.
A declaratory judgment will enter in these terms: Preferred Mutual Insurance Co. had no duly to defend James G. Gamache and has no duty to indemnify him regarding the claim of Henry P. Andrade, Jr. described in the complaint.