Whitehead, J.
The defendant insurance company refused to defend its insured, whose actions had resulted in bodily injury to the plaintiff. The plaintiff recovered a judgment against the insured. The insurance company refused to pay the judgment. The insured assigned to the plaintiff his claim against the insurance company for its refusal to defend and pay, and the plaintiff has brought suit on that claim, among others. The insurance company has now moved for summary judgment, arguing that the conduct of the insured was intentional and therefore was excluded from coverage. The plaintiff opposes the motion and, contending that, as a matter of law, the insurance company breached its duly to defend the insured (the plaintiffs assignee), he has moved for partial summary judgment himself. After considering the arguments and submissions of both parties, the Court DENIES the insurance company’s motion for summary judgment in part, ALLOWS it in part, and ALLOWS the plaintiffs motion for partial summary judgment.
BACKGROUND
On April 19, 1988, James M. Morgan (“Morgan”) struck with his hand the plaintiff, Michael T. McD-ermott (“McDermott”), and caused him bodily injury. On June 21, 1988, McDermott brought a criminal complaint against Morgan, charging him with assault and battery. On November 16, 1988, in the Woburn District Court, Morgan was found guilty on the complaint. Having exercised his right of appeal to the jury session, he was again found guilty on September 18, 1991.
Meanwhile, in February, 1989, McDermott filed a civil action against Morgan in this Court, seeking damages for the injuries which he had sustained in the April 19, 1988 incident. McDermott’s complaint comprised two counts: one alleging negligence and one alleging intentional assault and battery. Morgan was insured by the defendant, Metropolitan Property and Casualty Insurance Company (“Metropolitan”), under his parents’ homeowners policy. The policy provided coverage for, inter alia, household members found liable for bodily injury to another “because of an occurrence,” i.e., an accident. On April 22, 1991, the negligence count was dismissed, and Metropolitan withdrew from Morgan’s defense on the ground that, since the policy covered only accidental and not intended or expected injury and since the only surviving count was one alleging intentional assault and battery, it was relieved of its duty to defend. On or about May 9, 1991, McDermott Filed an amended complaint alleging wanton and reckless conduct as well as intentional assault and battery, but Metropolitan still refused to defend the claim, on the ground that the injury thus inflicted was excluded from the coverage provided by the policy.
On September 16, 1993, McDermott recovered a judgment in the amount of $60,000 on Count I (wanton and reckless conduct) of the civil complaint against Morgan. Morgan then assigned his rights against Metropolitan to McDermott. McDermott made a demand upon Metropolitan for payment of the award, plus interest and the cost of defending the claim.
In the present action, McDermott seeks to reach and apply, in his own right, the proceeds of the Metropolitan policy to satisfy the judgment which he obtained in the underlying action against Morgan (Count 1); to recover, as Morgan’s assignee, damages attributable to Metropolitan for breach of its contractual duly to defend Morgan (Count 2); to recover multiple damages for unfair claims settlement practices pursuant to G.L.c. 93A (Count 3); to recover, under the terms of the policy, his medical expenses (Count 4). Metropolitan has moved for summary judgment on Counts 2-4, arguing that it owes no duty to McDermott, as Morgan’s assignee, since McDermott’s injury was caused by acts of Morgan which were, as a matter of law, intentional, and therefore excluded by the policy. McDermott opposes the motion as regards Counts 2 and 4. As regards Count 2; he has moved, himself, for partial summary judgment, contending that, because the allegation in his second amended complaint was that of wanton and reckless conduct by Morgan, the allegation was within the scope of coverage provided to Morgan under the policy and, therefore, Metropolitan’s refusal to defend against that allegation constituted a breach of its contractual duty towards Morgan. As regards Count 4, McDermott contends that issues of fact exist concerning whether or not Morgan’s conduct was intentional, and, hence, summary judgment is inappropriate. As regards Count 3, McDermott conceded at oral argument that no claim lies against Metropolitan under G.L.c. 93A.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to *67 the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, supra, 390 Mass, at 422.
In Quincy Mutual Fire Ins. Co. v. Abernethy, 393 Mass. 81 (1984), the Supreme Judicial Court found error in a grant of summary judgment where a genuine issue of material fact existed concerning whether or not the insured in that case intended the injuries that resulted from his conduct. The policy at issue covered damages for personal injuries caused by accidents; it excluded “injury or property damage which is either expected or intended” by the insured. Id. at 83. The insured in Quincy Mutual was a juvenile who admitted throwing a large piece of “blacktop” at a car, causing the driver to sustain facial cuts and a back-seat passenger to suffer a fractured skull. Id. at 82. For this conduct, he was charged with delinquency by reason assault and battery by means of a dangerous weapon and was adjudicated a delinquent. The Trial Court agreed with the insurance company, that, as a matter of law, the injuries caused by the projectile fell within the policy’s exclusion clause for “expected or intended” injuiy and, ruling that there existed no genuine issue of material fact, granted summary judgment for the insurance company. After being affirmed by the Appeals Court, the judgment was vacated by the Supreme Judicial Court, which concluded that the insurer had not proven the absence of a genuine issue of material fact and remanded the matter to the Superior Court for further proceedings. Id. at 82, 86. In reaching this conclusion, the Court noted its consistent position that “injuiy which ensues from the volitional act of an insured is still an ‘accident’ within the meaning of an insurance policy if the insured does not specifically intend to cause the resulting harm or is not substantially certain that such harm will occur.” Id. at 84 (citations.omitted). As for the exclusion of “expected” injuries, the Court resolved the ambiguity of the term against the insurance company, concluding that “an injury is nonaccidental only where the result was actually, not constructively, intended, i.e. more than recklessness. [Citation omitted.] This standard requires a showing that the insured knew to a substantial certainty that the bodily injury would result.” Id. at 86. Thus, where the only fact known to the court, viz., that the insured had admitted throwing the rock at the car, “tells us nothing about [his] state of mind at the time,” the Court found that “[the judge should have concluded that crucial factual issues concerning [the insured]’s state of mind and the surrounding circumstances remained unresolved and required further exploration [citation omitted] before a determination could be made as to whether the incident fell within the exclusion clause,” i.e., for injuries “intended” or “expected” by the insured. Id. at 88. The Court specifically rejected the argument that the insured’s delinquency adjudication could supply the necessary evidence of his state of mind:
[The insured’s] adjudication of delinquency by virtue of committing an assault and batteiy by means of a dangerous weapon is neither conclusive nor admissible as to whether he knew his actions would result in serious harm to the occupants of the car. A conviction of assault and batteiy by means of a dangerous weapon requires proof only that the defendant intentionally and unjustifiably used force, however, slight, upon the person of another, by means of an instrumentality capable of causing bodily harm.
Id. at 87, n. 4.
In the instant case, the policy states that the insurance company “will pay all sums for bodily injuiy and property damage to others for which the law holds [the insured] responsible because of an occurrence” and “will defend [the insured]. .. against any suit or claim asking for these damages” (Section II coverage F at 21), where “ ‘occurrence’ means an accident” (General Definitions at 34). Bodily injury and property damage “which results from [the insured’s] intent to cause bodily injury or property damage of any kind” is specifically excluded from coverage (Exclusions ¶6 at 24). In a letter addressed to Morgan dated July 17, 1991, Metropolitan also asserted that its policy did not cover “bodily injuiy or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts.” Thus, in support of its present motion, Metropolitan argues that, because Morgan was convicted of assault and battery in connection with the incident on which McDermott’s claim against Morgan is based, McD-ermott, as Morgan’s assignee, is collaterally estopped from seeking coverage under the Metropolitan policy, which covers only nonintentional injury.
A conviction for assault and batteiy requires only that the prosecution establish an intentional and unjustified use of force, however slight, upon the person of another, Commonwealth v. Bianco, 390 Mass. 254 (1983); Commonwealth v. McCan, 277 Mass. 199 (1931), or a wanton and reckless act causing injury to another. Commonwealth v. Burno, 397 Mass. 622 (1986); Commonwealth v. Campbell, 352 Mass. 387 (1967); Commonwealth v. Welansky, 316 Mass. 383 (1944). Such a conviction does not necessarily entail a specific intent to cause injury. See Commonwealth v. Appleby, 380 Mass. 296, 307-08 (1980). Morgan’s conviction for assault and battery is not, therefore, conclusive on the issue of whether he knew his action would result in serious harm, and McDermott, as assignee, was not thereby collaterally estopped from asserting his claim.
Although Morgan’s conviction for assault and bat-teiy did not settle the issue of whether he intended that his act would result in bodily injuiy, it may be that Morgan’s act in itself established as a matter of law that he “knew to a substantial certainty” that the injuiy to McDermott would result. See Quincy Mutual *68 Fire Ins. Co. v. Abernethy, supra, 393 Mass, at 87 n.4. In Worcester Ins. Co. v. Fells Acres School, Inc., 408 Mass. 393 (1990), the Supreme Judicial Court held that the nature of the act alleged may, as a matter of law, compel the conclusion that the insured “intended to cause at least some injury” to the plaintiff. Id. at 400. In Worcester, the act alleged was child sexual abuse, which the Court held to be “so clearly tied [to the injury caused by it] as to be virtually inseparable.” Id, quoting Roe v. State Farm Fire & Casualty Co., 259 Ga. 42 (1989). The Worcester court also noted two other cases where the intent to cause injury was deemed established by the act itself, viz., Newton v. Krasnigor, 404 Mass. 682 (1989) (insured’s intentionally starting a fire “necessitated the inference that, ‘as a matter of law,’ [the insured] intended to cause some property damage”); and CNA Ins. Co. v. McGinnis, 282 Ark. 90 (1984) (“the act of striking another in the face is one which we recognize as an act so certain to cause a particular kind of harm that we can say a person who performed the act intended the resulting harm”). Id. at 93, quoting Clark v. Allstate Ins. Co., 22 Ariz.App. 601, 602 (1975).
In the present case, Morgan has stated under oath that he was first struck by McDermott. He has stated that, thereafter, “I was in the process of moving away, when I hit him back. This allowed me to get about four (4) feet away ...” (Answer to Interrogatory #5.) He further has stated expressly that he did not intend or expect to injure McDermott. (Answers to Interrogatories ## 6 and 7.) Although there maybe circumstances under which, even in the face of such express denials, injury will be deemed to be expected or intended as a matter of law, in the circumstances of this case, where the alleged wrongdoer contends that he struck the blow while struggling to retreat from an assault against him, the Court can draw no such conclusion. Whether McDermott’s injury was, in fact, the intended or expected result of conduct by Morgan is a jury issue. Accordingly, Metropolitan’s motion for summary judgment must be denied as to Counts 2 and 4.
As for McDermott’s motion for partial summary judgment on Count 2, the allegation put forth in Count 1 of his amended complaint in the civil action against Morgan was an allegation of wanton and reckless conduct. Wanton and reckless conduct is not intentional conduct. Hence, the claim contained in Count 1 was, as a matter of law, within the coverage provided to Morgan by Metropolitan. See Sheehan v. Goriansky, 321 Mass. 200 (1947) (wanton and reckless conduct not subject to insurer’s exclusion for ‘willful conduct’). Where, as here, the allegations of McDermott’s complaint were “reasonably susceptible of an interpretation that they state[d] or adumbrate[d] a claim covered by the policy terms,” see Sterilite Corp. V. Continental Casualty Co., 17 Mass.App.Ct. 316, 318 (1983), Metropolitan had a duty to defend Morgan, its insured. Accordingly, the motion for summary judgment brought by McDermott, as Morgan’s assignee, on Count 2 in this action, must be allowed.
ORDER
For the reasons discussed above, it is hereby ORDERED that defendant’s motion for summary judgment be DENIED as to Counts 2 and 4 of the complaint and that plaintiffs motion for summary judgment be ALLOWED as to Count 2 of the complaint. Given the concession of plaintiffs attorney that no claim lies on Count 3 of the complaint, summary judgment is also ALLOWED for the defendant on Count 3.