Brassard, J.
The plaintiffs, Barbara Lopes and Charles Spyropoulos (collectively “Lopes”) having obtained a judgment against the insured for setting fire to their premises, have filed a reach and apply action against the insured’s' homeowners’ liability insurer, Penn Millers Mutual Insurance Company (“Penn Millers”). In its counterclaim, Penn Millers seeks a declaration that it is not liable for the judgment because the insured’s conduct was intentional and implies as a matter of law an intent to cause property damage. Both parties now move for summary judgment. Having heard the parties and examined their submissions, both parties’ motions are DENIED.
In their motion for summary judgment, Lopes argues that Penn Millers is bound by the material facts established in the underlying action, including the insured’s deposition testimony that he did not intend to burn the premises and that he may have been under the influence of marijuana. Thus, Lopes contends that the intentional act exclusion of the policy agreement is inapplicable and Penn Millers cannot deny coverage.
It is well settled that an insurer’s unjustified disclaimer of coverage or of the obligation to defend a law suit binds an insurer to all material matters decided that bear on the coverage issue, and may permit an insured to recover defense and settlement costs. See Miller v. United States & Fidelity Corp., 291 Mass. 445, 449 (1935); Fistel v. Car & General Insur. Corp., 304 Mass. 458, 459 (1939); Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747, 762 (1993); Camp Dresser & McKee Inc. v. Homes Insur. Co., 30 Mass.App.Ct. 318, 326 (1991). The Supreme Judicial Court has recognized, however, that “when the underlying claim is settled, the circumstances of the underlying claim are not aired in an adversary proceeding and therefore a different approach may be required.” Polaroid, 414 Mass. at 763 n.20.
In the present case, it is undisputed that Perm Millers provided an attorney to defend the insured in the negligence action. It is also undisputed that the insured executed an Agreement for Judgment on the day trial was supposed to begin, and thus, the circumstances surrounding the insured's state of mind in starting the fire were never aired in an adversarial proceeding. Under these circumstances, Penn Millers is not bound to the insured’s deposition testimony, but *645 is rather entitled to a trial to determine whether the insured intended to start the fire. See Swift v. Fitchburg Mutual Insur. Co., 45 MassApp.Ct. 617, 621 (1998) (“plaintiffs [in reach and apply action against insurer] cannot claim strict res judicata benefits from the . . . findings in civil action” against insured); Miller, 291 Mass. at 449 (“insurer is [not] barred from setting up in the action against it any matter constituting a defense and not already determined in the original action”). The court thus ORDERS that Lopes’ motion for summary judgment is DENIED.
In its cross motion for summary judgment, Penn Millers contends that Lopes’ action is barred because the property damage was intentional as a matter of law, and therefore cannot constitute an “occurrence” as defined by its policies.[2] The cases cited by Penn Millers in support of its contention, however, are inapposite. In Newton v. Krasnigor, 404 Mass. 682, 687 (1989), the Supreme Judicial Court held that a deliberate intent to set a fire, as found by the jury’s answer to special questions, as a matter of law implies an intent to cause property damage. Id. at 685. Likewise, in Worcester Ins. Co. v. Fells Acres Day School, 408 Mass. 393, 401 (1990), the Court held that a conviction after trial for rape and indecent assault and battery implies an intent to injure. Because the underlying case never made it to trial, and because the insured’s plea of guilty to arson charges is not conclusive evidence of his intent, see Aetna Casualty & Surety Co. v. Niziloek, 395 Mass. 737, 747-50 (1985) (criminal conviction following plea of guilty no preclusive effect in subsequent civil litigation, although guilty plea and other admissions during colloquy are admissible as evidence), a material issue of fact remains in dispute precluding summary judgment. The court ORDERS that Penn Miller’s cross motion for summary judgment is DENIED.

 The court finds no merit to Penn Miller’s contention that the insured is not entitled to coverage because when the he started the fire, he was paying rent and thus not a member of the household. On this issue, the Insurance Agreement provides in part, “Insured means you and resident of your household who are (a) your relatives; or (b) other persons under the age of 21.” It does not define a specific length of time necessary to trigger coverage, nor does it expressly exclude from coverage relatives who pay “rent."