## CIRCUIT COURT OF FAIRFAX COUNTY

Safeco Ins. Co.

    v.

Huan Nguyen et al.

May 1, 1990

Case No. (Law) 90428

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on plaintiff's Motion for Summary Judgment.

On January 6, 1987, plaintiff, Safeco Insurance Company, issued Safeco Insurance Policy No. OW255491 to Neil and Huan Rudd. The policy expressly excludes liability coverage for injuries which are "expected or intended" by the insured. Defendant, Huan Nguyen, is the Rudds' son and is covered by the insurance policy. In November of 1987, defendant Nguyen was involved in an altercation at a bar in the District of Columbia. During the course of the altercation, Nguyen picked up a two-by-four board apparently intending to strike one Leo DeCarlo. In swinging the board, Nguyen struck Mark Quinn and Donald Giecek. Mr. Quinn subsequently died as a result of the injuries he sustained when struck by the board. On August 23, 1988, Nguyen appeared in the Superior Court of the District of Columbia Criminal Division and pled guilty to charges of voluntary manslaughter and assault with a dangerous weapon.

On October 19, 1988, Neil Rudd notified Safeco that a claim had been asserted by Imelda Quinn against Huan Nguyen for civil damages arising out of the November, 1987, incident and subsequent death of her son, Mark Quinn. On April 27, 1989, Safeco filed a motion for declaratory

judgment seeking a declaration that Safeco has no duty to provide coverage for the claim. The motion is based upon Safeco's contention that Nguyen's conduct was intentional and outside the scope of coverage. Safeco has now filed this motion for summary judgment. The question before the court is whether the exclusion clause in the Safeco policy applies where the insured commits an intentional act which results in an unintentional injury.

As a general rule, where an insurance policy exclusion provision is susceptible to more than one meaning, it must be construed liberally in favor of the insured and strictly against the insurer. *New York v. Fratarcangelo*, 201 Va. 672, 112 S.E.2d 892 (1960). The Safeco exclusion provision excuses the insurer from its obligation to provide personal liability coverage where the injury is "expected or intended" by the insured. The question of whether the provision applies where the insured's intentional act towards one party results in injury to an unintended victim has not been addressed in Virginia.

Jurisdictions which have ruled on this question have held that the exclusion provision does not apply where the insured lacks the specific intent to cause the injury. *Cincinnati Ins. Co. v. Mosley*, 41 Ohio App. 2d 113, 322 N.E.2d 693 (1974); *Farmers Ins. Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980); *Smith v. Moran*, 61 Ill. App. 2d 157, 209 N.E.2d 18 (1965).

The Virginia Supreme Court does distinguish between an intentional act and an intentional injury. *Norman v. Insurance Co. of North America*, 218 Va. 718, 239 S.E.2d 902 (1978). In *Norman*, a jury verdict was rendered against the insured for intentionally shooting the plaintiff. In a later action between the insured and his insurer, the court held that as a matter of *res judicata*, the insured could not argue that the injury was unintentional since the question was fully litigated in the earlier civil proceeding. *Norman* was distinguished from *State Farm Mutual Auto Insurance Co. v. Worthington*, 405 F.2d 683 (8th Cir. 1968), in which the insured fired a shotgun in the direction of several boys. The court in *Worthington* found that while the discharge of the gun was intentional, the fatal wounding of one of the boys was accidental, and therefore, the insurer was liable. 239 N.W.2d at 905.

Safeco contends that Nguyen's guilty plea to the charge of voluntary manslaughter is sufficient evidence of intent to warrant summary judgment in its favor. However, Virginia courts adhere to the rule that a criminal conviction does not establish the truth of the facts on which it is rendered for purposes of a later civil action. *Selected Risks Insurance Co. v. Dean*, 233 Va. 260, 355 S.E.2d 579 (1987). The rationale underlying the rule is a lack of mutuality between the parties to a civil action and the parties to a criminal action. 233 Va. at 263, 355 S.E.2d at 581, citing *Honaker v. Howe*, 60 Va. (19 Gratt.) 50, 51, 56 (1869). Under *Selected Risks*, Safeco cannot rely on Nguyen's guilty plea to establish his intent to injure Quinn.

For the reasons stated above, the court concludes that material questions of fact are in dispute. Specifically, a dispute exists as to whether Nguyen intended to injure Quinn when he swung the two-by-four. Safeco's motion for summary judgment is denied.